967 P.2d 1022

Robyn JOHNSON, a single woman, individually and as parent, guardian and next best friend of Candal Johnson, a minor child; Candal Johnson, a minor child, Plaintiffs–Appellees,

v.

Robert ELSON and Jane Doe Elson, husband and wife; Quicksilver Taxi, Inc., an Arizona corporation; D.T. Auto, a business, Defendants–Appellants.

No. 1 CA–CV 97–0628.

Court of Appeals of Arizona, Division 1, Department C.

Sept. 24, 1998.

Atmore L. Baggot, Apache Junction, and Gary A. Wieser, Phoenix, for Appellees.

Thomas & Elardo, P.C. by Neal B. Thomas, Jeffrey W. Brecher, Phoenix, for Appellants.

## OPINION

GRANT, Presiding Judge.

¶ 1 The trial court dismissed this action from the inactive calendar, then reinstated it by vacating the dismissal order at Plaintiff's request.[1] Defendant appeals, arguing that the trial court had no legal basis on which to set aside the dismissal. We affirm the trial court's decision because it was within the trial court's discretion to set aside the dismissal pursuant to Rule 60(c)(1) of the Arizona Rules of Civil Procedure ("A.R.C.P.").

### FACTS

¶ 2 On January 3, 1995, Robyn Johnson ("Plaintiff") sued Robert Elson ("Defendant") for personal injuries resulting from a motor vehicle accident.[2] After Defendant filed an answer, but before discovery began, the parties filed a stipulation with the court agreeing to an indefinite extension of time to exchange Rule 26.1 information. Evidently, the purpose of the stipulation was to delay discovery until after completion of Plaintiff's on-going medical treatment. The stipulation included a provision allowing either party to terminate the agreement with thirty days written notice.[3]

¶ 3 On July 27, 1995, after the parties filed the stipulation, the trial court entered an appropriate order to implement the stipulation. On March 2, 1996, the trial court ordered the matter placed on the inactive calendar on April 1, 1996, for dismissal as of June 4, 1996. By February 17, 1997, no additional activity by either party had occurred; and the trial court dismissed the action without prejudice for lack of prosecution.

¶ 4 The dismissal order was sent to both counsel. However, the record shows that the order sent to Plaintiff's counsel could not be delivered and was returned to the court. On March 21, 1997, Plaintiff filed a motion to reinstate the action. Although Defendant opposed Plaintiff's motion, the court granted the motion, vacated the dismissal, and thereby reinstated the action. Defendant appeals.

---

1. Plaintiff's motion states that Plaintiff had not received proper notice prior to the dismissal.

2. Although Plaintiff's daughter was originally part of the lawsuit, her claims were settled and the settlement approved by the court.

3. Nothing in the record after this date indicates that either party terminated the agreement, nor does either party assert that the agreement was terminated.

## ISSUES

1.   Does this court have jurisdiction to review the reinstatement order and then order compulsory arbitration?

2.   Does the arbitration order trump the notice of appeal?

3.   Did the trial court abuse its discretion by setting aside the dismissal of litigation pursuant to Arizona Rule of Civil Procedure 60(c)?

## DISCUSSION

### 1.   Does this Court have Jurisdiction?

■ ¶ 5   Plaintiff asserts that this court does not have jurisdiction to review the reinstatement order because the order did not result in a final judgment. Further, she claims that, because the trial court ordered compulsory arbitration after the reinstatement, Rule 1(e)(3) controlled, mandating that the matter "shall proceed to arbitration." Rule 1(e)(3), Uniform Rules of Procedure for Arbitration. Therefore, Plaintiff argues, even if this court had jurisdiction to review the reinstatement order prior to arbitration, it does not have jurisdiction now. We disagree.

¶ 6   The dismissal order was a final order. Therefore, the judgment setting aside that dismissal was a "special order made after final judgment." See Arizona Revised Statutes Annotated ("A.R.S.") § 12–2101(C); see also *M & M Auto Storage Pool, Inc. v. Chemical Waste Management, Inc.*, 164 Ariz. 139, 141, 791 P.2d 665, 667 (App.1990) (order setting aside judgment pursuant to Rule 60(c) is appealable pursuant to A.R.S. section 12–2101(C)). Defendant appealed, but not before the trial court had entered an arbitration order.

### 2.   Does the Arbitration Order Trump the Notice of Appeal?

■ ¶ 7   The question of first impression presented to us by this appeal is whether an arbitration order trumps a Notice of Appeal. Plaintiff argues that this court does not have jurisdiction because, by the time the Notice of Appeal was filed, the matter was already proceeding in arbitration. Plaintiff filed her "Amended Certificate of Compulsory Arbitration" on September 8, 1997, and Defendant did not file a Controverting Certificate; therefore, the matter was placed on the arbitration calendar. Defendant argues that the unilateral act of one party cannot render a Notice of Appeal null and void. Arbitration Rule 1(e)(3) states that, once a case is determined to be subject to compulsory arbitration, "it shall proceed to arbitration as herein after provided in these rules." Arbitration Rule 3 states that civil rules apply only "where not inconsistent with these Uniform Rules of Procedure for Arbitration."

■ ¶ 8   Although this matter did not proceed to arbitration at the beginning of the case, a party or attorney is under a duty to amend a prior certificate on the basis of new information as part of the discovery process. Rule 1(e)(4), Uniform Rules of Procedure for Arbitration. Plaintiff contends that this is what occurred. However, at the time of the dismissal and reinstatement, this was not an arbitration proceeding. The trial court's subsequent order of arbitration did not strip Defendant of the statutory right to appeal from the reinstatement order, nor do we interpret Arbitration Rule 1(e)(3) to intend such a result.[4] For these reasons, we have jurisdiction pursuant to A.R.S. section 12–2101(C).

### 3.   Did the trial court abuse its discretion by setting aside the dismissal pursuant to Arizona Rule of Civil Procedure 60(c)?

#### A.   Standard of Review

■ ¶ 9   We review a trial court's decision to grant a Rule 60(c) motion for an abuse of discretion. *Jarostchuk v. Aricol Communications, Inc.*, 189 Ariz. 346, 348,

---

4.   When there is an apparent conflict between a rule and a statute, the rule and statute are harmonized if possible. *Rosner v. Denim & Diamonds, Inc.*, 188 Ariz. 431, 433, 937 P.2d 353, 355 (App.1996) (citation omitted). Our rules and statutes should be harmonized wherever possible and read in conjunction with each other. *Thielking v. Kirschner*, 176 Ariz. 154, 159, 859 P.2d 777, 782 (App.1993) (quoting *State ex rel. McDougall v. Superior Court*, 173 Ariz. 385, 386, 843 P.2d 1277, 1278 (App.1992)).

942 P.2d 1178, 1180 (App.1997); *City of Phoenix v. Geyler,* 144 Ariz. 323, 328, 697 P.2d 1073, 1078 (1985). "In exercising its discretion, the trial court is not authorized to act arbitrarily or inequitably, nor to make decisions unsupported by facts or sound legal policy." *Geyler,* 144 Ariz. at 328–29, 697 P.2d at 1078–79.

■ ¶ 10  Defendant argues that no legal basis supports the order reinstating the action, noting that the order does not state its legal basis. When the order provides no legal basis, we review the decision to see if it is supported by any reasonable legal basis. *See Kadish v. Arizona State Land Dep't,* 177 Ariz. 322, 326–27, 868 P.2d 335, 339–40 (App. 1993) (we affirm the trial court if the record contains a reasonable justification for the trial court's decision); *see also Mattison v. Johnston,* 152 Ariz. 109, 113, 730 P.2d 286, 290 (App.1986) (court of appeals may affirm a trial court's decision on a legal basis different than that on which the order was granted).

■ ¶ 11  The facts were largely undisputed. However, we may infer additional findings of fact and conclusions of law sufficient to sustain the trial court's order as long as those findings are reasonably supported by the evidence, and not in conflict with any express findings. *Lee Development Co. v. Papp,* 166 Ariz. 471, 476, 803 P.2d 464, 469 (App.1990). Further, Defendant has not provided us with a transcript of the oral argument. When no transcript is provided on appeal, the reviewing court assumes that the record supports the trial court's decision. *Baker v. Baker,* 183 Ariz. 70, 73, 900 P.2d 764, 767 (App.1995).

### B.  Legal Basis for Reinstatement

¶ 12  On appeal, both parties' arguments focus on whether Rule 60(c) provides a sufficient legal basis for the trial court's decision. Rule 60(c) provides:

> On motion and upon such terms as are just the court may relieve a party or a party's legal representative from a final judgment,

order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment.

Rule 60(c), Ariz. R. Civ. P.

■ ¶ 13  We hold that Rule 60(c) did provide a reasonable legal basis for the trial court's decision, either on the grounds of "surprise" or "excusable neglect." Since the parties had agreed to postpone this action, Plaintiff may not have expected the action to be dismissed. Therefore, Plaintiff's "neglect" of the action may have been "excusable." Further, because mail sent to Plaintiff's counsel had been returned to the court, notice to the Plaintiff was at issue. Although the court is not required to give Plaintiff notice before dismissing an action, notice is a factor to be considered "within the 'totality of the circumstances.'" *Copeland v. Arizona Veterans Memorial Coliseum and Exposition Ctr.,* 176 Ariz. 86, 90, 859 P.2d 196, 200 (App.1993). Notice of dismissal is even more important when the parties have an agreement to suspend the action.

¶ 14  While we do not favor agreements by the parties to indefinitely postpone discovery, the trial court allowed, and even ordered, such a postponement based on the parties' stipulation.[5] Although this agreement did not supersede the trial court's authority to control its docket, it is reasonable to presume that the agreement created confusion regarding the status of the case, particularly after the case was placed on the inactive docket. The trial court's dismissal of an action, which the parties had agreed to suspend, provides sufficient factual support for the trial court to find "surprise" or "excusable neglect" pursuant to Rule 60(c)(1).

### C.  Interpretation of Rule 60(c)(1)

¶ 15  Defendant argues that, even if Rule 60(c)(1) applies, the opinion of *Jepson v. New,* 164 Ariz. 265, 792 P.2d 728 (1990), requires more than just "surprise" or "excusable neglect." In *Jepson,* the court held that

5.  Defendant argues that prior counsel had "minimal contact" with Plaintiff's counsel concerning the agreement. However, the record shows that Defendant's counsel signed the agreement.

Nothing in the record shows, nor has Defendant asserted, that Defendant ever terminated the agreement.

Plaintiff could not obtain relief under Rule 60(c)(1) unless he 1) showed mistake, inadvertence, surprise, or excusable neglect; 2) requested relief promptly; and 3) had a meritorious claim or defense. *Jepson,* 164 Ariz. at 272–73, 792 P.2d at 735–36; *see also Copeland,* 176 Ariz. at 89, 859 P.2d at 199 (interpreting *Jepson* ).

¶ 16   Because we have already determined that the trial court had a reasonable basis to find "surprise" or "excusable neglect," we turn to the other two requirements.  Plaintiff filed her request for relief thirty days after the dismissal.  Considering the difficulty in notifying Plaintiff's counsel [6] and the other facts presented, there is a sufficient factual basis for the trial court to find that Plaintiff acted promptly.

¶ 17   Further, two undisputed facts support a finding that Plaintiff had a meritorious claim.  First, Plaintiff's minor daughter, another plaintiff in the action, settled her claim with Defendant in a settlement approved by the probate court.  Second, the parties entered the stipulation because Plaintiff had not completed her medical treatment and that discovery would be "unproductive until she completed her course of treatment," as stated in a letter from Defendant's counsel.  We therefore affirm the trial court's decision because sufficient legal ground in Rule 60(c)(1) and sufficient factual support in the record exist to uphold the trial court's decision to set aside the dismissal.

### D.  Rule 60(c)(6) Analysis—Issues Not Addressed

¶ 18   Because we have decided that Rule 60(c)(1) was a sufficient legal basis for the trial court's decision, we do not need to address whether Rule 60(c)(6) provided such basis.

### DISPOSITION

¶ 19   We affirm the trial court's order reinstating this case.  Plaintiff requests attorneys' fees on appeal, indicating a statutory basis in A.R.S. section 12–349 for such an award.  Plaintiff seems to suggest Defendant

filed the appeal for purposes of delay only.  We disagree.  Because the necessary proof is lacking, we decline to award attorneys' fees on appeal to Plaintiff.

SULT and EHRLICH, JJ., concur.

---

6.  The court filed the envelope containing the notice to Plaintiff as undeliverable in the record.