77 P.3d 465

**In Detention of STEPHEN H.**

**No. 1 CA–MH 02–0017SP.**

Court of Appeals of Arizona, Division 1, Department E.

Oct. 14, 2003.

Terry Goddard, Attorney General By Lynne C. Adams, Assistant Attorney General and Kevin D. Ray, Assistant Attorney Gener-

al, Phoenix, Attorneys for Appellant, State of Arizona.

Susan Sherwin, Office of the Legal Advocate By Stephen Tucker, Deputy Legal Advocate, Phoenix, Attorneys for Appellee, Stephen H.

## OPINION

THOMPSON, Judge.

¶ 1 The state appeals from the trial court's decision vacating Stephen H.'s commitment to the Arizona Community Protection and Treatment Center (ACPTC) under Arizona's Sexually Violent Persons (SVP) Act, Arizona Revised Statutes (A.R.S.) sections 36–3701 to –3717 (2002). For the following reasons, we reverse and remand to the trial court for reinstatement of the commitment.

## FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 In 1990, Stephen H. was sentenced to prison for eight years for sexual assault, a class two felony, after he raped a woman that year. The 1990 conviction was not Stephen H.'s first conviction for sexual assault. In 1980, Stephen H. kidnaped and sexually assaulted a sixteen-year-old girl and repeatedly threatened her life. He served approximately seven and one-half years of a fourteen-year prison sentence for the 1980 rape. A few years earlier, in 1976, Stephen H. was convicted of sexually assaulting another woman.

¶ 3 In 1998, at the end of his prison term for the 1990 rape, Stephen H. was civilly committed to ACPTC under the SVP Act. Stephen H. waived his right to a jury trial, and the case was submitted to the trial court for decision based on the state's petition, the court file, and one exhibit submitted by the state, Dr. John P. DiBacco's psychological evaluation report. Dr. DiBacco diagnosed Stephen H. with sexual sadism (a paraphilia), alcohol dependence, and a personality disorder not otherwise specified with prominent narcissistic and antisocial characteristics. Dr. DiBacco wrote, in part:

Based on the entirety of my evaluation of [Stephen H.], it is clear that he contin-

ues to present a significant risk and danger to the community. He has not received appropriate treatment in the past and thus I must assume that his general risk for reoffense has not changed much. Further, this man has little or no insight into the dynamics which drive his behavior, further compounding his risk. As importantly, he has demonstrated a chronic pattern of sexually assaultive behavior which is quite persuasive in predicting his subsequent potential to act out. Without extensive treatment, [Stephen H.] will continue to present a significant risk to the community.... [Stephen H.] requires direct treatment for his sexually sadistic behavior, which is tied into an underlying personality disorder which includes narcissistic as well as antisocial features. Both conditions I consider to be severe and in need of extensive treatment. Again, without extensive and effective treatment, [Stephen H.] presents a high risk for reoffense and a most significant threat to the community.

Based on the evidence, Judge Martin found beyond a reasonable doubt that Stephen H. was a sexually violent person and ordered that Stephen H. "remain in the state hospital or a licensed behavioral health or mental health inpatient treatment facility and ... receive care and treatment until [his] paraphilia has so changed that he would not be a threat to public safety if he was conditionally released to a less restrictive alternative or was unconditionally discharged."

¶ 4 The ACPTC reviewed Stephen H.'s progress annually, as required by A.R.S. § 36–3708. In August 2001, Stephen H. escaped from ACPTC, and he was subsequently arrested. In January 2002, Stephen H. filed a Rule 60(c), Arizona Rules of Civil Procedure motion to dismiss based on *Kansas v. Crane*, 534 U.S. 407, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002). A second judge, Judge Fields, found that there was no evidence that Stephen H. "had a 'serious lack of ability to control his behavior' as required under *Kansas v. Crane*, 534 U.S. 407, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002), nor was there evidence offered that it was highly probable that he would commit a sexual offense in the future as required by *In re the Matter of Leon G.*,

200 Ariz. 298, 26 P.3d 481 (2001)," and vacated the judgment. The state timely appealed.

## DISCUSSION

¶ 5 Arizona's SVP Act defines a sexually violent person as someone who "[h]as ever been convicted of or found guilty but insane of a sexually violent offense or was charged with a sexually violent offense and was determined incompetent to stand trial," and who "[h]as a mental disorder that makes the person likely to engage in acts of sexual violence." A.R.S. § 36–3701(7). The statute defines mental disorder as "a paraphilia, personality disorder or conduct disorder or any combination of paraphilia, personality disorder and conduct disorder that predisposes a person to commit sexual acts to such a degree as to render the person a danger to the health and safety of others." A.R.S. § 36–3701(5).

¶ 6 In *In re Leon G.*, 204 Ariz. 15, 59 P.3d 779 (2002), an opinion filed subsequent to Judge Fields's decision and subsequent to the briefing in this appeal, our supreme court held that Arizona's SVP Act comports with the requirements of substantive due process outlined by the United States Supreme Court in *Kansas v. Hendricks*, 521 U.S. 346, 117 S.Ct. 2072 (1997), and *Kansas v. Crane*, 534 U.S. 407, 122 S.Ct. 867, 151 L.Ed.2d 856. 204 Ariz. at 17, ¶ 1, 59 P.3d at 781.

¶ 7 In *Leon G.*, two sex offenders argued that Arizona's SVP Act lacks a requirement that the state prove that an alleged SVP's mental disorder causes him to have "serious difficulty in controlling behavior," as required by *Crane*. 204 Ariz. at 21, ¶ 16, 59 P.3d at 785. The Arizona Supreme Court explained that Arizona's SVP Act comports with *Crane* and *Hendricks* even though it does not contain an express statutory provision requiring the state to prove that an individual has "serious difficulty in controlling" his behavior because the statute necessarily requires the state to prove that the alleged SVP's dangerousness results from a mental impairment. *Id.* at 22, ¶ 22, 59 P.3d at 786. The court stated:

> [T]he Arizona SVP act requires much more than a finding of dangerousness. The statute permits confinement only if the state

demonstrates the cause and effect relationship between the alleged SVP's mental disorder and a high probability the individual will commit future acts of violence. Typical recidivists who choose to commit acts of sexual violence do not fall within the purview of Arizona's SVP act. The state may commit only those persons who lack control because a mental disorder, not a voluntary choice, makes them likely to commit sexually violent acts. Hence, although the statute does not expressly refer to "serious difficulty in controlling behavior," the statutory language does embody the functional equivalent of that phrase. Therefore, Arizona's SVP act distinguishes "the dangerous sexual offender whose serious mental ... disorder subjects him to civil commitment from the dangerous but typical recidivist convicted in an ordinary criminal case" in compliance with *Hendricks* and *Crane*. *Crane*, 534 U.S. at 411–412, 122 S.Ct. at 870.

204 Ariz. at 23–24, ¶ 29, 59 P.3d at 787–88.

¶ 8 In this case, Stephen H. was committed to ACPTC after a bench trial. We infer findings of fact and conclusions of law to support the trial court's order as long as the findings are reasonably supported by the evidence and not in conflict with any express findings. *Johnson v. Elson*, 192 Ariz. 486, 489, ¶ 11, 967 P.2d 1022, 1025 (App.1998). The trial judge found that, beyond a reasonable doubt, Stephen H. is a sexually violent person under Arizona's SVP Act. The record here supports the original SVP findings. Dr. DiBacco's report amply illustrated that Stephen H.'s personality disorder and his paraphilia drive his sexual misconduct and cause him to be sexually dangerous to others. Dr. DiBacco found that because of Stephen H.'s mental disorders, he presented "a high risk for reoffense and a most significant threat to the community," and that the "dynamics" of his disorders "drive his behavior." The state adequately demonstrated that Stephen H. "lack[s] control because a mental disorder, not a voluntary choice, makes [him] likely to commit sexually violent acts." *Leon G.*, 204 Ariz. at 23, ¶ 29, 59 P.3d at 787. Accordingly, we reinstate Stephen H.'s commitment to ACPTC.

## CONCLUSION

¶ 9 The trial court's decision vacating the judgment of civil commitment is reversed. We remand to the trial court for reinstatement of Stephen H.'s commitment to ACPTC.

CONCURRING: G. MURRAY SNOW, Presiding Judge and JOHN C. GEMMILL, Judge.