NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

SAL A. LANZA, *Plaintiff/Appellant,*

*v.*

HOLLADAY STOCK TRANSFER COMPANY, INC., a Nevada
corporation, *Defendant/Appellee.*

No. 1 CA-CV 14-0591
FILED 11-24-2015

Appeal from the Superior Court in Maricopa County
No.  CV2013-010623
The Honorable Benjamin Vatz, Commissioner (Retired)

**AFFIRMED**

COUNSEL

Gallagher & Kennedy, PA, Phoenix
By C. Lincoln Combs
*Counsel for Plaintiff/Appellant*

Law Office of Philip C. Tower, Scottsdale
By Philip C. Tower
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Maurice Portley joined.

---

**D O W N I E**, Judge:

**¶1**        Sal A. Lanza appeals the denial of his motion to set aside an order quashing a foreign judgment against Holladay Stock Transfer Company, Inc. ("Holladay").  For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

**¶2**        In August 2013, Lanza domesticated a default judgment in Maricopa County Superior Court that he obtained in Florida against Holladay.  Holladay moved to quash the judgment, arguing the Florida court lacked personal jurisdiction over it.  Lanza failed to respond to Holladay's motion, and the superior court quashed the Florida judgment by order filed November 13, 2013.

**¶3**        Lanza thereafter sent a letter to the court asserting that he had not received a copy of Holladay's motion to quash.  Lanza requested 30 days to hire an attorney and respond to the motion.  The trial court denied Lanza's requests and directed him to re-urge "any claims for relief in properly filed and supported pleadings."

**¶4**        An attorney for Lanza filed a notice of appearance on January 8, 2014.  Two months later, Lanza's counsel filed a "Renewed Notice of Filing Foreign Judgment," which Holladay moved to quash, noting, among other things, that Lanza's "attempt to again domesticate the quashed Judgment is in direct conflict" with the November 13 order. The superior court gave Lanza leave to amend or supplement his filings, and Lanza filed a motion under Arizona Rule of Civil Procedure ("Rule") 60(c) to set aside the November 13 order.  Lanza argued his failure to respond to Holladay's initial motion to quash was due to excusable neglect because he did not learn of the motion until receiving a copy of the order granting it.

**¶5**        The superior court denied Lanza's motion, ruling that he did not promptly seek relief and that he failed to establish meritorious claims or defenses.  Lanza timely appealed.  We have jurisdiction pursuant to

Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(2). *See M & M Auto Storage Pool, Inc. v. Chem. Waste Mgmt., Inc.*, 164 Ariz. 139, 141 (App. 1990) (order denying motion to set aside under Rule 60(c) appealable as a "special order made after final judgment").

**DISCUSSION**

**¶6**  We review the denial of Lanza's Rule 60(c) motion for an abuse of discretion. *See Ezell v. Quon*, 224 Ariz. 532, 536, ¶ 15 (App. 2010). We will affirm the superior court's ruling unless "undisputed facts and circumstances require a contrary ruling." *City of Phx. v. Geyler*, 144 Ariz. 323, 330 (1985). Our review is limited to the record before the superior court. *See GM Dev. Corp. v. Cmty. Am. Mortg. Corp.*, 165 Ariz. 1, 4 (App. 1990).

**¶7**  Lanza contends he was entitled to relief under Rule 60(c)(1) and (6).[1] To obtain relief under Rule 60(c)(1), a party must demonstrate: (1) mistake, inadvertence, surprise, or excusable neglect; (2) relief was promptly sought; and (3) a meritorious claim or defense. *Johnson v. Elson*, 192 Ariz. 486, 489–90, ¶ 15 (App. 1998).

**I.** **Lanza Did Not Establish a Meritorious Claim or Defense.**

**¶8**  To demonstrate a meritorious claim or defense, a party must assert material facts that, if proven, would constitute a substantial claim or defense. *See Beal v. State Farm Mut. Auto. Ins. Co.*, 151 Ariz. 514, 521 (App. 1986). A meritorious claim or defense must be established with facts, not conclusions, assumptions, or affidavits based on something other than personal knowledge. *See Richas v. Superior Court (Motorola, Inc.)*, 133 Ariz. 512, 517 (1982).

**¶9**  In ruling that Lanza failed to demonstrate a meritorious defense, the superior court stated:

> Lanza has failed to articulate what his defense is to the assertion that Florida lacked personal jurisdiction over

---

[1]  Lanza did not raise Rule 60(c)(6) below. Questions of waiver aside, his failure to demonstrate a meritorious defense or claim, as discussed *infra*, precludes relief under Rule 60(c)(6) as well as Rule 60(c)(1). *See Jepson v. New*, 164 Ariz. 265, 277 (1990) ("A party seeking relief under Rule 60(c)(6) must also establish . . . that he had a meritorious claim.").

Holladay. Although Lanza cites the court to the Florida trial and appellate court briefings and decisions, the record remains devoid of specific factual assertions in support of Florida's exercise of jurisdiction.

¶10 We agree with the superior court. Lanza's Rule 60(c) motion offered no evidence or facts to refute Holladay's jurisdictional challenge. And his affidavit in support of the motion addressed only excusable neglect. Moreover, Lanza failed to file a reply in support of his Rule 60(c) motion, even after Holladay discussed his failure to articulate a meritorious defense in its response. The superior court observed:

> A party seeking Rule 60(c) relief from a prior order must demonstrate that the failure to act in a timely fashion was (a) due to excusable neglect, (b) that he acted promptly in seeking relief, and (c) that he had a substantial and meritorious defense to the action. . . .
>
> In his Rule 60(c) request for relief, Lanza has filed a motion comprised of barely a few sentences in support of those three required elements. When Holladay noted his failure to address the latter two, Lanza did not even file a reply. The indifference demonstrated in the Rule 60(c) motion is exceeded only by the actions of Lanza and his counsel since Lanza learned of the court's November 13, 2013 order.

¶11 On appeal, Lanza offers substantive arguments regarding the Florida court's jurisdiction. "We do not consider arguments raised for the first time on appeal except under exceptional circumstances." *In re MH 2008-002659*, 224 Ariz. 25, 27, ¶ 9 (App. 2010). No extraordinary circumstances exist here — particularly because Lanza was placed on notice that his motion was substantively inadequate, and he had ample opportunity to cure the deficiencies in the superior court. *See, e.g., Copeland v. Ariz. Veterans Mem'l Coliseum & Exposition Ctr.*, 176 Ariz. 86, 90–91 (App. 1993) (affirming denial of Rule 60(c) motion where plaintiff "did not even argue, and certainly made no showing, that he possesses a meritorious claim").

¶12 Because Lanza did not demonstrate a meritorious defense to Holladay's motion to quash, the superior court did not abuse its discretion by denying his Rule 60(c) motion.[2]

**CONCLUSION**

¶13 We affirm the judgment of the superior court. We award Holladay its costs on appeal upon compliance with ARCAP 21.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

[2] Because Lanza failed to establish a meritorious claim or defense, we need not address the remaining Rule 60(c) factors.