NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

RENATO MARTINEZ, *Petitioner/Appellee,*

*v.*

CARMEN ILEM, *Respondent/Appellant.*

No. 1 CA-CV 14-0717 FC
FILED 12-8-2015

Appeal from the Superior Court in Maricopa County
No. FC2014-091302
The Honorable Bethany G. Hicks, Judge (Retired)

**AFFIRMED**

COUNSEL

Fromm Smith & Gadow, P.C., Phoenix
By Jennifer G. Gadow and James L. Cork II
*Counsel for Respondent/Appellant*

---

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Jon W. Thompson joined.

---

**W I N T H R O P**, Judge:

**¶1**        Carmen Ilem ("Wife") appeals the family court's order granting the motion of Renato Martinez ("Husband") to reinstate the case. For the forgoing reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**        Husband and Wife participated in a wedding ceremony in California in 1992. Eight years later, after a brief separation resulting from marital troubles, Husband followed Wife to Arizona in an effort to reconcile. The relationship lasted another fourteen years; however, in 2014, Husband filed a petition for dissolution of marriage. Wife moved to dismiss the case for failure to state a claim, asserting they were never married as a marriage license was never issued in California.[1] Husband argued that a license had been issued but had apparently not been filed or recorded due to the fault of the minister who officiated the ceremony. The family court initially granted the motion to dismiss, but later reversed its

---

[1]        Because materials extraneous to the petition for dissolution of marriage were presented to and considered by the family court, the motion was properly considered by the court as one for summary judgment. *See* Ariz. R. Civ. P. 12(b)(6) (requiring the conversion of a motion to dismiss for failure of the pleading to state a claim to one for summary judgment once matters outside of the pleading are presented to and not excluded by the court); *Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 9, 284 P.3d 863, 867 (2012) (stating the requirement).

order and reinstated the case.[2]  Wife timely appealed.[3]

**ANALYSIS**

**¶3**        An order to dismiss the case is a final judgment and an order to reinstate is a special order made after the final judgment. *Johnson v. Elson*, 192 Ariz. 486, 488, ¶ 6, 967 P.2d 1022, 1024 (App. 1998).  We thus have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) and 12-2101(A)(2).[4]

**¶4**        Because the family court did not state the grounds for reinstatement, we will affirm the order if supported by any reasonable legal basis. *See Johnson*, 192 Ariz. at 489, ¶ 10, 967 P.2d at 1025 (stating we review an order to see if supported by any reasonable legal basis when the order provides no legal basis).  One such basis is Arizona Rule of Family Law Procedure 85(C)(1)(f), allowing relief from a judgment for any justifying reason other than those stated in Rules 85(C)(1)(a)–(e).  *See* Ariz. R. Fam. Law P. 85(C)(1)(f); *Webb v. Erickson*, 134 Ariz. 182, 186, 655 P.2d 6, 10 (1982) (stating clause 6 of Rule 60(c) and the rest of the five clauses are mutually

---

[2]        Husband filed a notice of appeal after the court denied his motion to reconsider the dismissal.  While his appeal was pending, the family court *sua sponte* reversed its order of dismissal and reinstated the case.  This order, however, was void because at that time the family court lacked jurisdiction as Husband's appeal was still pending.  *See In re Marriage of Flores & Martinez*, 231 Ariz. 18, 21, ¶ 10, 289 P.3d 946, 949 (App. 2012) (stating the filing of notice of appeal divests the trial court of jurisdiction to proceed except to issue orders in furtherance of the appeal or address matters unrelated to the appeal).  For jurisdiction to be properly revested in the family court, Husband abandoned his appeal and formally moved to reinstate the case, and the motion was granted by the court.

[3]        Husband has not filed an answering brief, which can be construed as a confession of error; in our discretion, we choose to address the merits of the appeal.  *See Thompson v. Thompson*, 217 Ariz. 524, 526, ¶ 6, 176 P.3d 722, 724 (App. 2008) (stating this court can regard failure to file an answering brief as confession of error).

[4]        We cite the current version of all applicable statutes unless revisions material to this decision have occurred since the events in question.

exclusive).[5] We review the trial court's determination of motion to reinstate or to set aside under Rule 60(c) or Rule 85(C) for abuse of discretion. *Johnson*, 192 Ariz. at 488–89, ¶ 9, 967 P.2d at 1024–25. The court acts within its allowable discretion if it does not act arbitrarily or inequitably, nor make decisions unsupported by facts or sound legal policy. *Id.* at 489, ¶ 9, 967 P.2d at 1025.

**¶5** The trial court has broad discretion in deciding a motion to set aside a prior order of dismissal or judgment under Rule 60(c)(6); the goal of the rule is to allow the parties and the court to accomplish justice in view of totality of circumstances. *Rogone v. Correia*, 236 Ariz. 43, 48, ¶ 12, 335 P.3d 1122, 1127 (App. 2014). Although the family court did not specify its reasoning behind the decision to grant Husband's motion to reconsider and to reinstate the case, in its earlier order the court reasoned that "there are substantial issues of material fact [which justify] denying [Respondent]'s Motion for Summary Judgment." We review the order to reinstate for abuse of discretion and, on this record, find none.

**¶6** As previously noted, Wife's motion to dismiss was, by operation of law, converted to one for summary judgment. Summary judgment should not be granted if there is a genuine dispute as to any material fact or if the movant is not entitled to judgment as matter of law. Ariz. R. Civ. P. 56(a); *Orme Sch. v. Reeves*, 166 Ariz. 301, 311, 802 P.2d 1000, 1010 (1990).

**¶7** In the proceedings below, the parties focused their arguments on whether a marriage license had been issued and whether their marriage was valid under California law when a marriage license could not be produced. "Marriages valid by the laws of the place where contracted are

---

[5] Rule 85(C) is the family law equivalent of Arizona Rule of Civil Procedure 60(c). Ariz. R. Fam. Law P. 85, comm. cmt; Ariz. R. Fam. Law P. 1, comm. cmt. As such, we look to the case law interpreting and applying Rule 60(c) in evaluating the family court's application of Rule 85(C).

valid in this state."[6]  A.R.S. § 25-112(A) (1992);[7] *accord Cook v. Cook*, 209 Ariz. 487, 489, ¶ 8, 104 P.3d 857, 859 (App. 2005).  "Marriages solemnized in another state or country by parties intending at the time to reside in this state shall have the same legal consequences and effect as if solemnized in this state."  A.R.S. § 25-112(B) (1992);[8] *accord Donlann v. Macgurn*, 203 Ariz. 380, 384, ¶ 19, 55 P.3d 74, 78 (App. 2002).

**¶8**        Here, the entire wedding ceremony occurred in California and the couple did not move to Arizona until eight years later. Accordingly, California law controls the resolution of marriage validity in this case.

**¶9**        Sections 300 and 306 in part 1 of division 3 of the California Family Code list five requirements for a valid marriage in California:  First, the couple must consent to be married; second, the couple must obtain a marriage license from the county clerk, as well as a certificate of registry as the license and the certificate are combined into one form; third, a person

---

[6]        If a marriage is found invalid, a party who believes the marriage was entered in good faith may be entitled to relief under the putative spouse doctrine or other equitable doctrines.  *See Stevens v. Anderson*, 75 Ariz. 331, 335, 256 P.2d 712, 714 (1953) (recognizing the right of an innocent party who believes there was a good faith marriage may be entitled to recover proportionate share of the property accumulated during the relationship); *see also*, Cal. Fam. Code § 2251 (1994) (continuing, without substantive change, the first three sentences of Cal. Civ. Code § 4452 (1983) that codified the putative spouse doctrine); *Estate of DePasse*, 118 Cal. Rptr. 2d 143, 155 (Cal. Ct. App. 2002) (noting that Cal. Fam. Code § 2251 codifies the putative spouse doctrine, and directing the court to treat property acquired during the relationship as community property), *disapproved on other grounds by Ceja v. Rudolph & Sletten, Inc.*, 302 P.3d 211, 219 (Cal. 2013).

[7]        We cite to the 1992 version of the statute, as the statute was amended in 1996 to read "[m]arriages valid by the laws of the place where contracted are valid in this state, except marriages that are void and prohibited by § 25–101."  *See* 1996 Ariz. Sess. Laws, ch. 348 § 2.  The circumstances identified in § 25-101 for void marriages do not apply in this case.

[8]        We similarly cite to the 1992 version, as this statute was similarly amended in 1996 to exclude the statute's application to marriages prohibited by § 25-101.  *See* 1996 Ariz. Sess. Laws, ch. 348 § 2.

("the officiant") must solemnize the marriage and, before solemnizing, the officiant must ensure the couple has obtained a marriage license; fourth, the officiant must authenticate the marriage by signing the certificate of registry and arrange for at least one witness to sign the certificate; and fifth, the officiant must return the signed certificate to the county clerk for filing. Cal. Fam. Code §§ 300, 306;[9] *Estate of DePasse*, 118 Cal. Rptr. 2d 143, 150, 154–55. A license is mandatory for a marriage to be valid; the lack of a valid license invalidates the marriage. *Estate of DePasse*, 118 Cal. Rptr. 2d at 151–52, 154–55. However, "[n]oncompliance with this part[, part 1,] by a nonparty to the marriage does not invalidate the marriage." Cal. Fam. Code § 306; *Estate of DePasse*, 118 Cal. Rptr. 2d at 155.

**¶10** Here there is a genuine dispute of material fact as to whether a marriage license was issued, signed, or filed. Wife stated they filed an application for a marriage license, but it was rejected for some error. She did not correct the error or resubmit the form because she did not want to get married; her decision to proceed with the marriage was the result of yielding to the pressure from her father. Husband claims the parties learned at some point of time about a "clerical error" concerning the marriage certificate eight years after the ceremony when the couple contemplated divorce after experiencing marital troubles. Husband contends a license was issued and duly signed by the parties, witnesses, and the officiant, and he had a copy before it went missing after Wife took most of family files with her in January 2014, approximately the same time Husband's petition for dissolution of marriage was filed. Moreover, Husband could not acquire a copy from the county clerk because the license was apparently not recorded due to the fault of the officiant—a nonparty to their marriage. Husband provided an affidavit from the county where they applied for a marriage license, documenting that the county purges applications for marriage licenses after two years—the normal document retention period for such records. Husband also provided an affidavit from the officiant who solemnized their marriage, stating he routinely officiates marriage ceremonies, was certain that the couple presented him with a valid license before the solemnization, that the certificate was signed and that he duly authenticated the marriage and sent the certificate to the county clerk for filing. The officiant could not explain why the marriage certificate was not recorded by the county clerk.

---

[9] Sections 300 and 306 did not become operative until 1994, but they continue former California Civil Code Sections 4100 and 4200 without substantive change. 23 Cal.L.Rev.Comm. Reports 1 (1993).

¶11 On this record, we find the family court did not abuse its discretion or commit any error in denying the motion for summary judgment. There is a genuine dispute of material fact regarding the marriage license, and assuming the court finds the problem in recording the marriage certificate was caused by "nonparty" error, the legal question becomes whether the parties' marriage is otherwise valid and/or recognizable under California law and entitled to comity under Arizona law.

**CONCLUSION**

¶12 The family court's order granting motion to reinstate is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama