NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

AMANDA RACHELLE CHOWNS, *Petitioner/Appellant*,

v.

TYLER RAE MARKWICK, *Respondent/Appellee*.

No. 1 CA-CV 18-0576 FC
FILED 5-23-2019

Appeal from the Superior Court in Mohave County
No. S8015DO201700600
The Honorable Douglas Camacho, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Amanda Rachelle Chowns, Kingman
*Petitioner/Appellant*

Tyler Rae Markwick, Kingman
*Respondent/Appellee*

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which
Presiding Judge Randall M. Howe and Judge Jennifer M. Perkins joined.

**W E I N Z W E I G**, Judge:

¶1        Amanda Chowns ("Mother") appeals the superior court's legal decision-making and parenting time order.  We affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Mother and Tyler Markwick ("Father") are the parents of L.M., born in 2016.  Mother petitioned the superior court to establish legal decision-making authority and parenting time in August 2017.  Father responded.  Mother and Father each requested sole legal decision-making authority and full parenting time.  Mother and Father later agreed to a parenting-time plan but could not agree on legal decision-making or child support.

¶3        On August 30, 2018, the court conducted a hearing on Mother's petition.  Mother and Father testified.  The court "state[d] its findings and place[d] its [o]rders on the record" and issued its written decision the same day, awarding Mother and Father joint legal decision-making authority over L.M. but granting Mother presumptive decision-making authority.  The court also ordered (1) the parties to follow their parenting-time agreement, (2) Father to pay $399 per month in child support, (3) Mother to provide L.M. medical insurance, and (4) Mother and Father to each pay 50% of L.M.'s uncovered dental and orthodontia expenses.  Mother timely appealed but provided no transcript of the hearing.  We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶4        Although framed as an appeal of the court's order on parenting time and decision making, Mother actually seeks to modify the terms of that order based on events after "the court's hearing."  She seeks "full custody"[1] of L.M. because Father is homeless, has shown little interest in L.M. and has not paid child support.  She has also heard that Father is "drinking heavily and doing drugs."  But Mother never moved for modification or raised her arguments in the superior court, and we do not consider them in the first instance.  *Englert v. Carondelet Health Network*, 199

---

[1]        Arizona no longer uses the term "custody," but we assume Mother's use of the term refers to legal decision-making and parenting time.  *See In re Marriage of Friedman & Roels*, 244 Ariz. 111, 118, ¶ 29, n.1 (2018) ("[T]he legislature abolished the principle of 'child custody' in 2012 and replaced it with 'parenting time' and 'legal decision-making.'").

Ariz. 21, 26, ¶ 13 (App. 2000) ("[W]e generally do not consider issues, even constitutional issues, raised for the first time on appeal.").

**¶5**     Mother must first ask the superior court to modify its order awarding joint legal decision-making and parenting time based on changed circumstances. Ariz. R. Fam. Law P. 91 (rules for modifying legal decision-making and parenting time orders); A.R.S. §§ 25-403, -411 (requirements for modifying legal decision-making and parenting time); *Engstrom v. McCarthy*, 243 Ariz. 469, 472, ¶ 10 (App. 2018) (court must first find a sufficient change in circumstances before modifying legal decision-making and parenting time orders). Mother may then appeal any unfavorable final decision from the superior court. If Mother files another appeal, however, she should remember to provide this court with any relevant transcripts from the superior court. *Johnson v. Elson*, 192 Ariz. 486, 489, ¶ 11 (App. 1998) ("When no transcript is provided on appeal, the reviewing court assumes that the record supports the trial court's decision.").

**CONCLUSION**

**¶6**     We affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA

3