NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

REBECCA FARIES, *Petitioner/Appellee,*

*v.*

JOHN G. FARIES, II, *Respondent/Appellant.*

No. 1 CA-CV 19-0094 FC
FILED 8-6-2019

Appeal from the Superior Court in Maricopa County
No. FC2013-050436
The Honorable Jennifer C. Ryan-Touhill, Judge

**AFFIRMED**

COUNSEL

Law Office of Florence M. Bruemmer, P.C., Anthem
By Florence M. Bruemmer
*Counsel for Petitioner/Appellee*

John G. Faries, II, Phoenix
*Respondent/Appellant*

---

## MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Kent E. Cattani joined.

---

**C R U Z**, Judge:

¶1        John G. Faries, II ("Father") appeals the superior court's denial of his motion to amend the judgment.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2        In 2014, the superior court entered a parenting plan agreement that awarded Father and Rebecca Faries ("Mother") joint legal decision-making authority for their three children and required parents to resolve disagreements through mediation or conciliation services before presenting their issues to the court.

¶3        In 2018, Mother petitioned to modify parenting time and child support as to all three children and to modify legal decision making for D.F. only.  In her petition, Mother alleged Father and D.F. had a falling out and that D.F. was living with Mother full-time.

¶4        At trial in October 2018, the superior court heard from witnesses, including the parties.  The court entered an under advisement ruling, in which it addressed the Arizona Revised Statutes ("A.R.S.") section 25-403(A) factors and denied Mother's petition to modify legal decision making.  The court awarded Mother and Father joint legal decision-making authority and gave final decision-making authority to Mother over issues that Father and Mother disagree on after making a good faith effort to reach an agreement.  The court denied Mother's request to modify parenting time; and granted the request to modify child support, ordering Father to pay Mother $1,986 monthly.

¶5        Father moved to amend the judgment pursuant to Arizona Rule of Family Law Procedure ("Rule") 83.  The superior court denied Father's motion.  Father timely appealed.  We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1), (2).

**DISCUSSION**

I.      Standard of Review

**¶6**      We review the superior court's denial of a Rule 83 motion for an abuse of discretion. *Pullen v. Pullen*, 223 Ariz. 293, 296, ¶ 10 (App. 2009). We will affirm if reasonable evidence supports the family court's decision. *Leathers v. Leathers*, 216 Ariz. 374, 376, ¶ 9 (App. 2007). A court abuses its discretion when it commits an error of law in reaching a discretionary decision, reaches a conclusion without considering the evidence, commits another substantial error of law, or makes a finding lacking substantial evidentiary support. *Flying Diamond Airpark, LLC v. Meienberg*, 215 Ariz. 44, 50, ¶ 27 (App. 2007).

**¶7**      We defer to the family court's credibility determinations when evidence conflicts. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998). We will not reweigh conflicting evidence, and although conflicting evidence may exist, we will affirm if substantial evidence supports the court's decision. *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009).

II.     Denial of Rule 83 Motion

**¶8**      Father contends the court erred by denying his motion to amend the judgment. He argues the court erred by awarding Mother final decision-making authority and modifying child support. We disagree.

        A.      Legal Decision-Making Authority

**¶9**      When addressing a petition to modify legal decision making and parenting time, the trial court must first determine whether there has been a change in circumstances since the last order. *Engstrom v. McCarthy*, 243 Ariz. 469, 472, ¶ 10 (App. 2018); *see also Christopher K. v. Markaa S.*, 233 Ariz. 297, 300, ¶ 15 (App. 2013). "If the court finds such a change in circumstances, it must then determine whether a change in [legal decision making and parenting time] would be in the child's best interests." *Christopher K.*, 233 Ariz. at 300, ¶ 15; *see also* A.R.S. §§ 25-403(A), 25-403.01(B). In making that determination, the court must evaluate all relevant factors.

**¶10**      Father argues that (1) the superior court's "significant modification" of the previous custody orders was unsupported by the evidence; (2) the court's award of final decision-making authority to Mother is contrary to the statute; and (3) Father lacked notice because Mother's

petition to modify only requested a modification of decision-making authority as to D.F., and not as to all three children.

¶11 Father failed to provide this court with the transcripts of the trial below. As the appellant, Father was "responsible for making certain the record on appeal contain[ed] all transcripts or other documents necessary for us to consider the issues" he raised. *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995); *see also* Ariz. R. Civ. App. P. 11(c)(1) (appellant must order transcripts necessary for proper consideration of issues on appeal). We must presume the missing transcript would support the superior court's findings and conclusions. *See Johnson v. Elson*, 192 Ariz. 486, 489, ¶11 (App.1998).

¶12 Because the superior court made findings under § 25-403 and we assume the evidence presented at trial supported its factual findings, we conclude the court did not abuse its discretion. *See Baker*, 183 Ariz. at 73.

¶13 Transcripts notwithstanding, Father's arguments appear to reflect his disagreement with the superior court's conclusions about witness credibility and the weight of conflicting evidence—which we do not reweigh on appeal. *See Hurd*, 223 Ariz. at 52, ¶ 16. Notably, the superior court's thorough, sixteen-page under advisement order lays out the procedural posture of this case, followed by a discussion of statutory factors and a best-interests finding.

¶14 Father's argument that the court erred by modifying the legal decision-making authority misstates the record. The court did not modify legal custody. *See Nicaise v. Sundaram*, 245 Ariz. 566, 568-69, ¶¶ 13-14 (2019) (explaining a hybrid joint legal decision-making order designating a "tie-breaking" parent is distinct from sole legal decision-making authority). Moreover, the court noted that Father "attempted to mislead the Court," and thus questioned Father's credibility. And the superior court received credible evidence that Mother would follow the superior court's orders, supporting its conclusion that Mother can be trusted to make final decisions. Finally, the superior court compared Mother's and Father's approach to parenting, specifically as to D.F., with Father's allegation that Mother's motivation underlying her petition was malicious. The court concluded it is in the children's best interests to award Mother and Father joint legal decision making with Mother having final, tie-breaking authority. Accordingly, the superior court did not err.

B.     Child Support

**¶15**     Father next argues the superior court erred in denying his Rule 83 Motion as to the child support modification.  He contends the court calculated his income by considering "any and all payments, salaries, profit sharing bonuses and other bonuses based on extensive overtime," but did not apply the same consideration to Mother's income.

**¶16**     The superior court issued its order modifying child support after hearing testimony from Father and Mother.  Because Father did not provide this Court with a transcript of the trial, "we assume the missing portions of the record would support the [superior] court's findings and conclusions." *State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 16 (App. 2003) (citation omitted); *see also* ARCAP 11(c)(1)(A)-(B).  Accordingly, Father has not established that the superior court abused its discretion or misapplied the law in modifying child support.

## CONCLUSION

**¶17**     Mother requests attorneys' fees and costs on appeal pursuant to A.R.S. § 25-324 and ARCAP 21(c).  In our discretion, we deny the request for fees and grant the request for costs upon compliance with ARCAP 21.

**¶18**     For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA