NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN RE: LACI C.

No. 1 CA-MH 22-0057
FILED 1-31-2023

---

Appeal from the Superior Court in Yavapai County
No.  P1300MH202200022
The Honorable Michael P. McGill, Judge

**AFFIRMED**

---

COUNSEL

Yavapai County Attorney's Office, Prescott
By Benjamin D. Kreutzberg
*Counsel for Appellee*

The Law Office of David B. Loder, Wickenburg
By David B. Loder
*Counsel for Appellant*

_____

## MEMORANDUM DECISION

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Peter B. Swann[1] joined.

_____

**P A T O N**, Judge:

**¶1**        L.C. appeals from the superior court's order committing her to involuntary treatment.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**        In May 2022, L.C.'s case manager applied for her to be involuntarily evaluated at a psychiatric clinic.  The case manager alleged L.C. was "persistently or acutely disabled," suffered from bipolar disorder, and appeared to be "out of contact with reality."

**¶3**        Drs. Collins and Kirkorsky both performed the court-ordered evaluations and completed affidavits for the subsequent petition for court-ordered treatment.  In his affidavit, Dr. Collins avowed that L.C. was "actively delusional[,]" "believes she owns the CIA and FBI[,]" and "believes she has been brain transplanted."  Dr. Collins reported L.C. was "threatening to harm [her]self and others" and refusing medications and treatment.  Dr. Collins concluded L.C. was "suffering from schizoaffective bipolar [disorder]" and was "persistently or acutely disabled."

**¶4**        Dr. Kirkorsky similarly reported that L.C. was "acutely psychotic and manic."  He reported she was "unable to engage in a logical discussion regarding her need for treatment" and was "adamant that she needs to [be] discharge[d] to engage in experiments."  He diagnosed L.C.

_____

[1] Judge Peter B. Swann was a sitting member of this court when the matter was assigned to this panel of the court.   He retired effective November 28, 2022.  In accordance with the authority granted by Article 6, Section 3, of the Arizona Constitution and pursuant to A.R.S. § 12-145, the Chief Justice of the Arizona Supreme Court has designated Judge Swann as a judge *pro tempore* in the Court of Appeals for the purpose of participating in the resolution of cases assigned to this panel during his term in office and for the duration of Administrative Order 2022-162.

with bipolar 1 disorder and determined she was "persistently and acutely disabled." Both physicians agreed L.C. required court-ordered treatment.

¶5            The superior court ordered L.C. to undergo a combined inpatient/outpatient treatment program, with inpatient treatment not to exceed 180 days. L.C. timely appealed, and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") sections 36-546.01 and 12-2101(A)(10)(a).

¶6            To preserve an issue for appeal, appellants must present a record demonstrating they first raised the issue before the superior court. *See In re MH2009-002120*, 225 Ariz. 284, 287, ¶ 7 (App. 2010). When an appellant fails to provide such a record, we presume the record supports the superior court's order. *Johnson v. Elson*, 192 Ariz. 486, 489, ¶ 11 (App. 1998) ("When no transcript is provided on appeal, the reviewing court assumes that the record supports the trial court's decision.") L.C. has failed to provide a transcript, or any record, that she raised the issues she now challenges below. Waiver, however, is a discretionary doctrine, and in our discretion, we address L.C.'s claims on their merits.

## DISCUSSION

¶7            We review the evidence in the light most favorable to sustaining the superior court's order and will not disturb an order that is supported by substantial evidence. *In re MH 2008-000438*, 220 Ariz. 277, 278, ¶ 6 (App. 2009). As relevant here, Section 36-540(A) provides that the superior court "shall order" a patient to undergo treatment if it finds by "clear and convincing evidence that the proposed patient, as a result of mental disorder, is a danger to self, is a danger to others or has a persistent or acute disability . . . and is in need of treatment, and is either unwilling or unable to accept voluntary treatment. . . ." *See also* A.R.S. § 36-501(33) (defining persistent or acute disability).

¶8            L.C. argues that Drs. Collins and Kirkorsky violated Arizona law requiring physicians to evaluate patients "in person" when they conducted their evaluations of her through a telemedicine video appointment. L.C. has failed to provide any evidence that Drs. Collins and Kirkorsky conducted their evaluations via telemedicine, and in her brief, she admits "[t]he record is not clear whether Doctor Kirkosky's [sic] examination was conducted in person." But even assuming the physicians evaluated L.C. through a telemedicine video appointment, her argument nevertheless fails as a matter of law because Arizona law specifically provides that court-ordered examinations "may include firsthand

observations *or remote observations by interactive audiovisual media. . . .*" A.R.S. § 36-501(13)(a) (emphasis added). Nothing in the record suggests the physicians' evaluation was deficient.

**¶9** L.C. further argues the physicians' evaluation was invalid because she did not consent to it. But as the State correctly notes, Arizona law does not require that a patient consent to an involuntary proceeding, whether in person or by telemedicine. Under Section 36-3602(G)(2), the consent requirement typically applicable to telemedicine appointments "do[es] not apply . . . [i]n an emergency situation in which the patient or patient's health care decision maker is unable to give informed consent." L.C.'s emergency evaluation was such an "emergency situation." Moreover, the superior court may not order an evaluation *unless* the patient "is unable or unwilling to undergo voluntary evaluation." A.R.S. § 36-524(C)(1). The record supports the superior court's order.

**CONCLUSION**

**¶10** We affirm.

