NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

KATHARINE MARIE PRIOR, *Petitioner/Appellant*,

*v.*

KELLY MAY PRIOR, *Respondent/Appellee*.

No. 1 CA-CV 25-0832 FC

FILED 05-18-2026

Appeal from the Superior Court in Maricopa County
No. FN2024-004475
The Honorable John R. Hannah, Judge *Retired*

**AFFIRMED**

COUNSEL

Katharine Marie Prior, Glendale, AZ
*Petitioner/Appellant*

Kelly May Prior, Sherman Oaks, CA
*Respondent/Appellee*

_____

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Judge Jennifer M. Perkins joined.

_____

**P A T O N**, Judge:

¶1          Katharine Prior appeals the portion of the superior court's dissolution decree awarding Kelly Prior spousal maintenance. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2          Katharine and Kelly were married in 2018 and have no children in common. In 2024, Katharine petitioned for dissolution of marriage, requesting neither party be awarded spousal maintenance. Kelly responded, requesting $3,000 per month in spousal maintenance for 36 months, indicating she lacked sufficient property to provide for her reasonable needs, lacked sufficient earning ability to be self-sufficient, and made significant contributions to Katharine's "education, training, vocational skills, career, or earning ability" that "significantly reduced" Kelly's own income or career opportunities. Kelly later alleged she was unemployed due to serious medical conditions. Kelly subsequently requested $2,000 per month in spousal maintenance for 48 months in her separate pretrial statement, subject to review if she completed her education earlier or earned sufficient income.

¶3          In Katharine's affidavit of financial information ("AFI"), she indicated she earned roughly $30,000 per year from 2021 to 2023 and that her current gross income was $3,601.80 per month. Kelly indicated in her AFI that she earned roughly $35,000 per year in 2022 and 2023, but was terminated from her position while caring for Katharine and experiencing health issues. As a result, her annual income in 2024 was reduced to $17,650.

¶4          The parties entered a partial settlement agreement pursuant to Arizona Rule of Family Law Procedure 69, but the agreement did not resolve the spousal maintenance issue, so the court set trial for September 2025. By the time of trial, Katharine's gross monthly income was $4,288. The court attributed $4,716.83 as her monthly income after adding 10% of

the amount of Veteran's Association ("VA") disability benefits she receives. The court attributed $2,750 in monthly income to Kelly based on California's minimum wage. Using these numbers in the spousal maintenance worksheet, the court found the appropriate monthly spousal maintenance award ranged from $491.79 to $659.54 for a duration of 6 to 48 months.

**¶5**　　　　In its dissolution decree, the court awarded Kelly $500 per month for 33 months in spousal maintenance, after considering the guidelines' recommended range, Katharine's income from VA disability benefits, and Kelly's realistic ability to work while attending full-time school.

**¶6**　　　　Katharine timely appealed. We have jurisdiction under Article 6, Section 9 of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") Section 12-2101(A)(1).

## DISCUSSION

**¶7**　　　　We note at the outset that Katharine's opening brief does not comply with Arizona Rule of Civil Appellate Procedure ("ARCAP") 13(a). The opening brief must include an argument containing the appellant's contentions about the issues presented, along with supporting reasons and citations to the record and legal authority. ARCAP 13(a)(7)(A). In her opening brief, Katharine generally asserts the court's spousal maintenance award is excessive, unsupported by the evidence, and inconsistent with the statutory framework set forth in Section 25-319(B). But she provides no specifics as to why or how the superior court erred. For example, she states the court's spousal maintenance award "does not appropriately reflect the statutory factors governing the amount and duration of spousal maintenance," but does not specify which factor she contests. We find this argument waived because she was required to provide "supporting reasons for each contention." ARCAP 13(a)(7)(A). She also provides no legal authority to support her position, apart from twice referencing Section 25-319 in the argument section of her opening brief. She lists a few case citations in the table of citations without referencing these cases in her argument. *See Polanco v. Indus. Comm'n*, 214 Ariz. 489, 491, ¶ 6 n.2 (App. 2007) (we may find arguments waived when a party fails to cite relevant authority and develop their argument). And she provided no citations to the record. *See Varco, Inc. v. UNS Elec., Inc.*, 242 Ariz. 166, 170, ¶ 12 n.5 (App. 2017) (we may find arguments waived when parties fail to cite the record).

**¶8**    Although there is no answering brief, no debatable issue exists here, so we will not treat the failure to file as a confession of error. *See Savord v. Morton*, 235 Ariz. 256, 259, ¶ 9 (App. 2014).

**¶9**    It appears from the record that the superior court determined Kelly was eligible for spousal maintenance per Section 25-319(A)(2) and (4) because she lacked adequate earning capability and had reduced her own income or career opportunities for Katharine's benefit. The court then considered the Section 25-319(B) factors and found they supported a balanced, mid-range award. It noted Kelly forewent her own education for the benefit of Katharine, that Kelly's earning ability while completing her education would be marginal, and that Kelly had "essentially" no assets to rely on. On balance, the court considered Katharine's VA benefits were not much more than the minimum required to meet Katharine's own needs, that Katharine would be relying on these benefits for at least as long as it would take Kelly to become self-sufficient, and that Kelly's mental health may be an ongoing issue. The court then noted that per the Spousal Maintenance Guidelines, the appropriate award was between $491.79 and $659.54 for 6 to 48 months, and it awarded Kelly an amount on the lower end of the range, $500, for 33 months. Because Katharine did not provide us the dissolution trial transcript, we must presume the record supports the court's decision. *Johnson v. Elson*, 192 Ariz. 486, 489, ¶ 11 (App. 1998). We discern no error.

## CONCLUSION

**¶10**    We affirm.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:        JR