NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JOANN B. SPORE, *Plaintiff/Appellee,*

*v.*

GEORGE CAMPEAU and MARY ELLEN (MISSY) CAMPEAU,
INDIVIDUALLY and as TRUSTEES OF THE GEORGE AND MARY
ELLEN CAMPEAU TRUST, *Defendants/Appellants.*

No. 1 CA-CV 19-0353

FILED 6-16-2020

Appeal from the Superior Court in Navajo County
No. S0900CV201400526
The Honorable Ralph E. Hatch, Judge

**AFFIRMED**

COUNSEL

Criss Candelaria Law Office P.C., Concho
By Criss E. Candelaria
*Counsel for Plaintiff/Appellee*

Jeffrey M. Proper PLLC, Phoenix
By Jeffrey M. Proper
*Counsel for Defendants/Appellants*

_____

## MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge David B. Gass joined.

_____

**C R U Z**, Judge:

¶1 George Campeau and Mary Ellen (Missy) Campeau (collectively, "the Campeaus"), individually and as trustees of the George and Mary Ellen Campeau Trust, appeal from a superior court order permanently enjoining them from obstructing passage through a public use easement. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2 This matter concerns two neighboring property owners' dispute over a gate spanning a portion of Fir Drive, which is located along an easement on each of their respective properties and serves as a roadway for public use and utility access. The easement expands evenly into the respective landowners' properties: Joann B. Spore ("Spore") owns property that includes the western half of the relevant portion of the Fir Drive easement, and the Campeaus and neighboring landowners own property including portions of the eastern half of the Fir Drive easement. Fir Drive itself is much narrower than the easement, and is mostly unpaved, lined with large trees, and in some places is only wide enough for a single car to traverse. Spore, the Campeaus, and their neighbors use Fir Drive to access their respective properties. Fir Drive is not a publicly maintained road.

¶3 The Campeaus and other neighbors who are not parties to this litigation shared concerns about vehicles speeding or otherwise driving unsafely on Fir Drive. As a remedy, the Campeaus replaced an existing but inoperable gate with a manual gate to restrict vehicle traffic. Large logs and debris on the side of the gate made the other portion of the easement impassable. Chains and a lock made the gate appear to be locked, although the lock was not actually secured. Spore objected to the gate because she found it difficult to open, and she had concerns emergency vehicles would be unable to access Fir Drive if needed. The superior court granted Spore a temporary restraining order which required the Campeaus to remove the debris from the side of the gate, improve the ground near the gate to allow Spore to drive around it if needed, and keep the gate unlocked.

¶4            Shortly thereafter, the Campeaus removed the first gate and installed a second gate, again with the consent of other neighbors. The property on which the gate was installed belongs to a neighboring landowner. The second gate restricted traffic across the eastern portion of Fir Drive; the western portion of the easement remained blocked by large trees. The second gate also employed a chain and a lock, which, although kept unlocked, made the gate appear to be locked. Spore petitioned to find the Campeaus in contempt of the temporary restraining order, but the superior court denied her petition.

¶5            Spore moved for summary judgment, and the Campeaus cross-moved for summary judgment. The superior court granted summary judgment for the Campeaus, finding the gate did not impede Spore's reasonable access to her property or the public's right of passage because the unlocked gate could be easily opened. Spore appealed, and this court reversed the summary judgment, finding: (1) the public easement did not permit the Campeaus "to enter and erect a permanent gate on Spore's property" along the western half of the easement, and (2) Spore and the Campeaus presented conflicting evidence as to whether the replacement gate unreasonably restricted Spore's access. *Spore v. Campeau*, 1 CA-CV 16-0081, 2017 WL 347536, at *2-3, ¶¶ 11, 14 (Ariz. App. Jan. 24, 2017) (mem. decision).

¶6            On remand, the superior court held a hearing as to whether the Fir Drive gate unreasonably restricted Spore's access (the "2018 hearing"). The court found the gate "does in fact unreasonably interfere" with Spore's access to her property because (1) she has difficulty walking; (2) she struggled to open the gate and keep it open long enough to return to her vehicle and drive through the gate; and (3) her inability to operate the gate forced her to take a longer route when she drove to town.

¶7            The superior court then held a bench trial to address whether the unreasonable interference the gate caused Spore outweighed the Campeaus' interests in maintaining the gate (the "2019 trial"). The court entered judgment for Spore and permanently enjoined the Campeaus "from forever obstructing in any manner Fir Drive or from directing or assisting others to do so." The Campeaus timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes section 12-2101(A)(1) and (A)(5)(b).

**DISCUSSION**

**¶8**        The Campeaus argue the superior court erred in determining a gate erected across the eastern half of the easement created unreasonable interference with the Fir Drive easement.  We review the grant of a permanent injunction for abuse of discretion and will uphold the superior court's decision if substantial evidence supports an injunction.  *Swain v. Bixby Vill. Golf Course Inc.*, 247 Ariz. 405, 413, ¶ 33 (App. 2019).  We defer to the superior court's findings of fact unless those findings are "clearly erroneous."  *See Stoddard v. Donahoe*, 224 Ariz. 152, 154-55, ¶ 9 (App. 2010).

**¶9**        The parties agree the two-step inquiry in *Hunt v. Richardson* applies to the question at issue here: whether the Campeaus may maintain an unlocked gate across the eastern portion of the Fir Drive easement.  216 Ariz. 114, 121, ¶¶ 21-23 (App. 2007).  Under the test outlined in *Hunt*, the superior court must first determine whether the terms of the easement preclude the gate.  *Id.* at ¶ 22.  If the easement terms permit a gate, the court then considers and balances the parties' interests in the easement and any improvements.  *Id.* at ¶ 23.

**¶10**        As to the first inquiry, the superior court found the easement requires the roadway to be available for the public to traverse.  In its summary judgment order, the superior court found the easement did not explicitly prohibit a gate across the easement, and the record does not indicate the court later made findings to the contrary.

**¶11**        The arguments on appeal turn on the superior court's findings under the second inquiry, in which the court must balance the interests of the parties: the necessity of the gate to the Campeaus' use of their property and whether the gate imposes "an unreasonable interference with the right of passage" on Spore and the public.  *Gamburg v. Cooper*, 131 Ariz. 545, 546 (App. 1982); *Hunt*, 216 Ariz. at 122, ¶ 24.  "The answers to these inquiries are ordinarily questions of fact, dependent upon the circumstances of the particular case."  *Hunt*, 216 Ariz. at 121, ¶ 23.

**¶12**        First, the Campeaus argue the factual findings in the summary judgment ruling constituted the law of the case and the superior court erred in failing to apply those findings of fact.  The "law of the case" doctrine refers to the principle of law that when an appellate court rules on a question of law and remands the matter for further proceedings in the superior court, the legal questions answered in the appellate court's ruling will not be disturbed in that same case below or on a subsequent appeal. *Emp'rs Mut. Liab. Ins. Co. of Wis. v. Indus. Comm'n*, 115 Ariz. 439, 441 (App.

1977). The superior court, however, is not precluded from reconsidering an earlier decision in a manner that is consistent with the decision on appeal, particularly when it receives additional evidence on the issue. *See Hall v. Smith*, 214 Ariz. 309, 317, ¶¶ 28-29 (App. 2007); *see also Powell-Cerkoney v. TCR-Montana Ranch Joint Venture, II*, 176 Ariz. 275, 278 (App. 1993) ("When . . . we apply the doctrine to decisions of the same court, we treat law of the case as a procedural doctrine rather than as a substantive limitation on the court's power."). The record does not indicate the court disregarded its findings of fact in the summary judgment order when issuing its judgment; rather, the judgment states the court considered findings and evidence from previous proceedings as well as evidence presented in the 2018 hearing and the 2019 trial. Thus, we are not persuaded by the Campeaus' argument that the factual findings in the summary judgment ruling should have been afforded greater weight in the superior court's decision. *See United Cal. Bank v. Prudential Ins. Co. of Am.*, 140 Ariz. 238, 287 (App. 1983) ("The weight to be given conflicting evidence is for the trier of fact . . . .").

¶13　　　　Next, the Campeaus argue the superior court "relied *solely* upon an analysis of physical and medical conditions of [Spore] . . . and failed to actually consider or much less balance those concerns" of the Campeaus and their neighbors in determining whether the gate created an unreasonable burden on the easement. Although the 2018 hearing findings incorporated by reference in the judgment focus on Spore's difficulties in managing the gate, we may infer additional findings reasonably supported by evidence to sustain the superior court's judgment. *Johnson v. Elson*, 192 Ariz. 486, 489, ¶ 11 (App. 1998); *John C. Lincoln Hosp. & Health Corp. v. Maricopa County*, 208 Ariz. 532, 537, ¶ 10 (App. 2004) ("We defer to the trial court with respect to any factual findings explicitly or implicitly made, affirming them so long as they are not clearly erroneous, even if substantial conflicting evidence exists."). At the 2019 trial, the superior court questioned both Mary Ellen and George Campeau on the purpose of the gate, their concerns about speeding traffic on Fir Drive, and the potential for confusion to the general public who approached what appeared to be a locked gate. Accordingly, the record shows the superior court considered the interests of the Campeaus, Spore, and the general public and appropriately balanced those interests in determining the gate creates an unreasonable interference with Spore's right to the use of the easement and access to her property. To the extent the Campeaus ask us to reweigh the evidence presented to the superior court, we will not do so. *CSA 13-101 Loop, LLC v. Loop 101, LLC*, 233 Ariz. 355, 363, ¶ 25 (App. 2013); *Stoddard*, 224 Ariz. at 154, ¶ 9.

¶14 Finally, the Campeaus argue the superior court erred in not making findings regarding their willingness to modify the gate to satisfy Spore's concerns. Again, a lack of explicit findings in the final order does not suggest the superior court failed to consider the Campeaus' offers to modify the gate. *See Johnson*, 192 Ariz. at 489, ¶ 11. Over objections from Spore's attorney, the superior court permitted the Campeaus to testify about their offers to negotiate with Spore to settle the dispute under exceptions to Arizona Rule of Evidence 408(b) at the 2019 trial. *See, e.g.*, *Burris v. City of Phoenix*, 179 Ariz. 35, 42 (App. 1993) (noting superior court may admit evidence of settlement offer on the question of mitigation of damages). We presume the superior court considered any evidence it admitted, and we will not reweigh the evidence. *Able Distrib. Co. v. James Lampe, Gen. Contractor*, 160 Ariz. 399, 409 (App. 1989); *Stoddard*, 224 Ariz. at 154, ¶ 9.

¶15 Over the course of this litigation, the superior court admitted evidence of the status of the easement, the Campeaus' interest in maintaining a gate across Fir Drive, and Spore's complaints about the gate's interference with access to her property. At the 2019 trial, the superior court permitted the Campeaus to testify about their attempts to negotiate with Spore and their willingness to modify the gate. The judge also elicited testimony from the Campeaus about the feasibility of maintaining a gate across the eastern half of the easement and whether a gate would dissuade or prevent the public from rightfully traversing the easement. On this record and in accordance with the deference owed to the superior court, we cannot say the superior court abused its discretion in issuing a permanent injunction against obstructing the easement across Fir Drive.

¶16 The Campeaus request their attorneys' fees and costs on appeal. As they are not the prevailing party, we deny their request.

**CONCLUSION**

¶17 For the foregoing reasons, we affirm the superior court's order.

