IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

IN RE THE MATTER OF:

**ROBERT J. NICAISE, JR.,**
*Petitioner/Appellee,*

*v.*

**APARNA SUNDARAM,**
*Respondent/Appellant.*

No. CV-18-0089-PR
Filed January 17, 2019

Appeal from the Superior Court in Maricopa County
The Honorable Theodore Campagnolo, Judge
Nos. FC2014-094949 and FC2014-095056
(Consolidated)
**AFFIRMED**

Opinion of the Court of Appeals, Division One
244 Ariz. 272 (App. 2018)
**VACATED IN PART**

COUNSEL:

Law Office of Karla L. Calahan, P.C., Karla L. Calahan (argued), Phoenix,
Attorneys for Petitioner/Appellee

Rader, Sheldon & Stoutner, PLLC, Diana I. Rader (argued), Marc R. Grant,
Jr., Phoenix, Attorneys for Respondent/Appellant

_____

JUSTICE BOLICK authored the opinion of the Court, in which CHIEF JUSTICE BALES, VICE CHIEF JUSTICE BRUTINEL, and JUSTICES PELANDER, TIMMER, GOULD, and LOPEZ joined.

_____

JUSTICE BOLICK, opinion of the Court:

¶1          This case concerns whether a family court's award of joint legal decision-making that gives one parent *final* legal decision-making authority over certain matters necessarily gives that parent *sole* legal decision-making authority.  We hold that final and sole have different meanings in this context.

## I.  BACKGROUND

¶2          This question arises in the context of a family law dispute, which the family court aptly described as "a troubling and difficult case since its inception in September 2014," between the parents of a now eight-year-old girl.  In a fifty-eight-page ruling, the court recounted the case history in painstaking detail, including allegations of domestic violence, child abuse, and medical neglect of the child.  Based on extensive findings, including those addressing the child's best interests, the court made numerous orders regarding the parents' respective rights going forward.

¶3          Before us is the family court's order regarding legal decision-making authority.  The court found that it was in the child's best interests

to award joint legal decision-making to Mother and Father. The court ordered, in relevant part, as follows:

> Parental decisions shall be required for major issues in raising the child and in meeting on-going needs. When they arise, each parent shall give good faith consideration to the views of the other and put forth best efforts to reach a consensus decision. . . . If they cannot agree after making a good faith effort to reach an agreement, Father shall have the ability to make the final decision as to medical, mental health, dental, and therapy issues. . . .

The court made other orders that are not before us regarding choice-of-school decisions.

¶4         The court of appeals affirmed some orders, vacated others, and remanded. *Nicaise v. Sundaram*, 244 Ariz. 272, 282 ¶ 35 (App. 2018). However, although the issue was neither raised nor briefed by the parties, the court determined that by giving Father final legal decision-making authority over medical, mental-health, dental, and therapy issues, the family court "effectively create[d] orders for sole legal decision-making, carved out from a general order for joint legal decision-making." *Id.* at 278 ¶ 19. Construing A.R.S. § 25-401(2), the court determined that "[a]n award of joint legal decision-making that gives final authority to one parent is, in reality, an award of sole legal decision-making. . . . Regardless of the labels used in a decree, when one parent has the final say, that parent's rights are superior and the authority therefore is not joint as a matter of law." *Id.* ¶ 18.

¶5         Mother sought review only of this portion of the court of appeals' opinion. Whether a parent's right to make a final decision following consultation converts joint into sole legal decision-making authority is an issue of first impression with statewide significance. We have jurisdiction pursuant to article 6, section 5(3) of the Arizona Constitution.

## II. DISCUSSION

**¶6** This case presents a question of statutory interpretation, which we review de novo. *State ex rel. DES v. Pandola*, 243 Ariz. 418, 419 ¶ 6 (2018).

**¶7** We granted review on three questions presented by Mother: (1) whether the court of appeals' sua sponte determination to convert joint legal decision-making into Father's sole decision-making authority violated Mother's due process rights; (2) whether in so doing the court erred by not remanding the matter to the family court; and (3) whether the court of appeals' effective award of sole legal decision-making authority over certain matters to Father conflicts with the family court's findings relating to the child's best interests. Because we conclude that the court of appeals erred as a matter of law in equating final legal decision-making authority over certain matters as an award of sole legal decision-making, we need not reach those issues.

**¶8** Section 25-401 sets forth definitions covering legal decision-making and parenting time. Section 25-401(3) defines legal decision-making as "the legal right and responsibility to make all nonemergency legal decisions for a child including those regarding education, health care, religious training and personal care decisions." Section 25-401(2) states that joint legal decision-making "means both parents share decision-making and neither parent's rights or responsibilities are superior except with respect to specified decisions as set forth by the court or the parents in the final judgment or order." Finally, § 25-401(6) provides that sole legal decision-making "means one parent has the legal right and responsibility to make major decisions for a child."

**¶9** The court of appeals concluded that any order based on the exception in § 25-401(2)—providing that one parent has "superior" decision-making authority over certain matters—means that "one parent has the sole legal right to decide," which "is the essence of sole legal-decision-making" under § 25-401(6). *Nicaise*, 244 Ariz. at 278 ¶ 19. The court thereby essentially determined that any order vesting "superior"

decision-making authority in one parent necessarily establishes sole legal decision-making authority.[1]

¶10    That interpretation conflicts with the statutory scheme as well as precedent and practice.  While an award of joint legal decision-making authority with one parent having the power to make final decisions in some contexts is similar to sole legal decision-making authority as a practical matter, there are significant differences between them and, more importantly, the legislature clearly directed that they are separate and distinct categories.

¶11    We interpret statutory language in view of the entire text, considering the context and related statutes on the same subject.  *State ex rel. Dep't of Econ. Sec. v. Hayden*, 210 Ariz. 522, 523–24 ¶ 7 (2005); *see also* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 167 (2012) (noting a statute should be read "to consider the entire text, in view of its structure and of the physical and logical relation of its many parts").  A cardinal principle of statutory interpretation is to give meaning, if possible, to every word and provision so that no word or provision is rendered superfluous.  *See City of Tucson v. Clear Channel Outdoor, Inc.*, 209 Ariz. 544, 552–53 ¶¶ 31–34 (2005).

¶12    Section 25-401(2) provides that joint legal decision-making "means both parents share decision-making and *neither parent's rights or responsibilities are superior except with respect to specified decisions* as set forth . . . in the final judgment or order."  (Emphasis added.)  As noted above, the court of appeals read the italicized language as meaning that whenever one parent is given superior legal decision-making rights "the authority . . . is not joint as a matter of law."  *Nicaise*, 244 Ariz. at 278 ¶ 18.  It concluded that the "exception" to joint legal decision-making authorized in § 25-401(2) "effectively creates orders for sole legal decision-making, carved out from a general order for joint legal decision-making."  *Id.* ¶ 19.  Under that view, therefore, the family court is only authorized to order joint

---

[1] This superior decision-making authority has been commonly referred to as final legal decision-making authority by Arizona courts.  *See, e.g.*, *In re Marriage of Friedman & Roels*, 244 Ariz. 111, 113 ¶ 5 (2018).

legal decision-making or sole legal decision-making; it cannot, as the family court did here, order joint legal decision-making with one parent having final authority if they cannot agree to a decision. We disagree.

¶13 We interpret § 25-401(2) as meaning that one parent's joint legal decision-making authority is made superior in some circumstances, but the parents retain joint legal decision-making authority; the "tie-breaking" parent is not granted sole legal decision-making authority under subsection (6). In setting forth an option for joint legal decision-making, including an option for final decision-making authority on certain issues, subsection (2) does not reference subsection (6). That the legislature placed this exception to joint legal decision-making in a different subsection than sole legal decision-making suggests they were meant to be distinct. Further, transforming the subsection (2) exception into an award of sole legal decision-making would render the exception surplusage as subsection (6) already authorizes such awards. *See City of Tucson*, 209 Ariz. at 552–53 ¶¶ 31–34 (holding that this Court, if possible, must not interpret a statute in a way that would render a subsection within the statute superfluous).

¶14 And contrary to the court of appeals' assertion, the two categories, joint legal decision-making with final decision-making authority and sole legal decision-making authority, are different as a practical matter. Awarding joint legal decision-making authority with final decision-making authority over certain matters to one parent under subsection (2) creates shared legal decision-making with the possibility that one parent will exercise a superior right if the parents cannot reach a joint agreement in good faith. By contrast, an award of sole legal decision-making under subsection (6) creates unshared authority. The distinction is illustrated by the family court's order here conditioning the exercise of Father's final legal decision-making authority upon good-faith efforts to reach a consensus. Such orders are common and commendable and do not convert joint into sole legal decision-making.

¶15 In addition to allowing the courts to fashion hybrid orders providing shared and final legal decision-making authority over different matters and requiring good-faith consultation between the parents, subsection (2) also preserves some legal authority for the parent who does

6

not have final legal decision-making authority. The definition of legal decision-making under subsection (3) includes the "legal right" to make nonemergency legal decisions for the child. Thus, a parent with joint legal decision-making authority who does not have final legal decision-making authority on an issue under subsection (2) would maintain the legal right, subject to consultation and the other parent's approval, to establish a bank account for the child, take the child to a doctor, and exercise other nonemergency legal authority on behalf of the child.

¶16 Arizona cases frequently provide for joint legal decision-making with one parent having final authority over certain matters. *See, e.g.*, *In re Marriage of Friedman & Roels*, 244 Ariz. 111, 113 ¶ 5 (2018); *In re Marriage of Worcester*, 192 Ariz. 24, 25 ¶ 2 (1998). The court of appeals' opinion unnecessarily injects uncertainty into a well-established practice and is inconsistent with the overall structure of § 25-401.

**CONCLUSION**

¶17 For the foregoing reasons, we vacate the first sentence of ¶ 1, the entirety of ¶¶ 17–19, the second and third sentences of ¶ 31, and the second sentence of ¶ 35 of the court of appeals' opinion, and we disapprove any language in ¶¶ 20–25 suggesting that the family court awarded sole legal decision-making authority to Father. In light of our decision, we do not address Mother's remaining issues. We affirm the family court's order.