NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

DANIELLE KING, *Petitioner/Appellee,*

*v.*

RYAN KING, *Respondent/Appellant.*

No. 1 CA-CV 21-0120 FC
FILED 11-9-2021

Appeal from the Superior Court in Maricopa County
No.  FC2021-090024
The Honorable Lori Ash, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Canterbury Law Group LLP, Scottsdale
By Jonathan P. Ibsen, Matthew Stephen Hilscher
*Counsel for Petitioner/Appellee*

Rosenstein Law Group PLLC, Scottsdale
By Howard Frederic Dworman, Craig J. Rosenstein
*Counsel for Respondent/Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge Maria Elena Cruz joined.

_____

**B A I L E Y**, Judge:

¶1        Ryan King appeals the superior court's order continuing an order of protection after a contested hearing.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        The superior court granted an order of protection for Danielle King after she alleged that her husband Ryan King sexually assaulted her.  Danielle[1] filed a police report about the incident the next day, but the state later notified her that it would not bring criminal charges against Ryan.

¶3        Ryan requested, and the court set, a hearing to contest the order of protection.  He then moved to continue the hearing for thirty days.  He argued that because the state's decision to decline prosecution would not become final until Danielle met with the prosecution, the ongoing criminal investigation would compromise his constitutional rights if the hearing was not postponed.

¶4        The court denied the motion to continue, held a hearing on the order of protection, and allotted each side twenty minutes to present their case.  The parties stipulated that Danielle would be the only witness called by either party.  She testified that Ryan raped her and that the next day, she spoke with her sister on the phone before calling the police.  Ryan's counsel cross-examined Danielle until the court stated he had only four minutes of his allotted time remaining.

¶5        Ryan's counsel then sought to introduce surveillance videos taken from inside the parties' home.  The videos purported to show Danielle on the day after the incident, walking around the home while speaking on the phone.  Danielle's counsel objected to the admission of the videos on foundation and authenticity grounds.  After some discussion, the

_____

[1] We refer to the parties by their first names when necessary, to avoid confusion.

court stated it would admit the videos if Ryan's counsel could properly establish their foundation. Danielle's counsel re-urged his objections and noted that neither Danielle nor any person she spoke to on the phone that day had consented to being recorded.

¶6        The court permitted voir dire of Danielle about the videos and notified both parties they were nearly out of time. Danielle testified she believed the surveillance cameras recorded only when the Kings were not at home. Based on that testimony, the court excluded the videos. Upon further questioning, Danielle testified that she removed the cameras from their home on the day after Ryan's arrest to prevent him from watching her. Ryan's counsel again moved to admit the videos, arguing Danielle was aware at the time that she was being recorded.

¶7        The court again denied the motion, this time stating, "[Y]our time has actually expired. I'm not going to admit the video, at this point, based in part upon that, and based upon foundation as well." The court then gave Ryan two additional minutes to present his closing argument. Finding Danielle's testimony credible, the court continued the order of protection.

¶8        We have jurisdiction over Ryan's timely appeal. *See* Ariz. Const. art. 2, § 14; Ariz. Rev. Stat. ("A.R.S.") §§ 12-120.21(A)(1), -2101(A)(1), (5)(b); Ariz. R. Prot. Order P. 42(a)(2), (b)(2); *Maher v. Acuna*, 230 Ariz. 530, 533-34, ¶¶ 11-12 (App. 2012).

## DISCUSSION

I.        Denial of the Motion to Continue

¶9        Ryan argues the court's denial of his motion to continue the hearing violated his privilege against self-incrimination under the Fifth Amendment to the United States Constitution and Article 2, Section 10, of the Arizona Constitution. He contends the pending criminal investigation prevented him from testifying, and the court should have delayed the hearing for thirty days to allow time for the state to issue a final decision to decline prosecution.

¶10        A hearing to contest an order of protection "shall be held within ten days from the date requested unless the court finds good cause to continue the hearing. . .. The hearing shall be held at the earliest possible time." A.R.S. § 13-3602(L). We review the denial of a motion to continue for an abuse of discretion, *State v. Raffaele*, 249 Ariz. 474, 481, ¶ 22 (App.

2020), but we review alleged constitutional violations *de novo*, *State v. Fristoe*, 251 Ariz. 255, 259, ¶ 9 (App. 2021).

**¶11**          The Fifth Amendment, and Article 2, Section 10, of the Arizona Constitution, "prohibit[] the state from compelling a person, when acting as a witness in any investigation, to give testimony that shows or might tend to show that the person committed a crime." *State v. Ott*, 167 Ariz. 420, 425 (App. 1990) (citation omitted). A witness may invoke the privilege to refuse to testify and should not be penalized for his silence. *Wohlstrom v. Buchanan*, 180 Ariz. 389, 391 (1994).

**¶12**          Ryan's constitutional argument is unavailing. Here, Ryan was not compelled to give self-incriminating testimony, nor was he penalized for not testifying. Rather, he exercised his right when he chose not to testify at the hearing. Ryan's argument that the state's final decision to decline prosecution would have permitted him to testify without risk of incrimination ignores that the state could have brought criminal charges against him at any time before the expiration of the applicable statute of limitations. The crime of sexual assault, for example, carries a seven-year statute of limitations. *See* A.R.S. §§ 13-107(B)(1), -1406. Because Ryan's risk of incrimination was the same whether the hearing was held as scheduled or one month later, the court did not err in denying the motion to continue.

II.     Exclusion of Video Evidence

**¶13**          Ryan argues the court abused its discretion when it excluded the video surveillance evidence on foundational grounds. When a trial court excludes evidence, "the complaining party must make 'an offer of proof stating with reasonable specificity what the evidence would have shown.'" *Gamboa v. Metzler*, 223 Ariz. 399, 403, ¶ 17 (App. 2010) (citation omitted). A party offering impeachment evidence, for example, should make an offer of proof showing how the evidence would impeach the witness. *See State v. Hernandez*, 232 Ariz. 313, 322, ¶ 42 (2013) (affirming a judgment where the party did not make an offer of proof to show how the evidence conflicted with the witness's testimony).

**¶14**          We cannot say the superior court abused its discretion in excluding the video evidence on foundational grounds. Ryan did not make a sufficient offer of proof to show how the video would impeach Danielle's testimony. When asked, Ryan's counsel explained that because the videos purportedly showed Danielle walking around the house on the day after the incident, she could not have been in pain from the assault as she had testified. But Danielle did not testify that her ability to walk had been

impaired by the assault. Moreover, Ryan did not preserve the exhibit at the superior court, so it is not a part of the record before us. For these reasons, we cannot say the court erred by excluding the surveillance videos.

III.    Time Limitation

**¶15**    Ryan also argues the court abused its discretion in considering the expiration of his allotted time in its decision to exclude the videos. We review imposition of time limits for an abuse of discretion, and the appellant must show harm because of the time limitation. *Brown v. U.S. Fid. & Guar. Co.*, 194 Ariz. 85, 91, ¶ 30 (App. 1998). In a protective order hearing, "[t]he judicial officer must ensure that both parties have an opportunity to be heard, to present evidence, and to call and examine and cross-examine witnesses." Ariz. R. Prot. Order P. 38(f)(1).

**¶16**    The superior court has broad discretion to set time limits on proceedings, but "any limits must be reasonable under the circumstances." *Brown*, 194 Ariz. at 90-91, ¶ 29 (citations omitted). The court must "allow for meaningful direct testimony and efficient but adequate cross-examination." *Volk v. Brame*, 235 Ariz. 462, 468, ¶ 21 (App. 2014). But the court need not "indulge inefficient use of time by parties or their counsel." *Id.* at 469, ¶ 22. We may consider whether counsel moved for more time and if the alleged error resulted from counsel's "strategic decisions regarding use of time at trial." *See Nicaise v. Sundaram*, 244 Ariz. 272, 277, ¶ 15 (App. 2018), *vacated in part on other grounds*, 245 Ariz. 566, 569, ¶ 17 (2019); *see also Gamboa*, 223 Ariz. at 402-03, ¶¶ 15-18 (holding the court did not err in cutting off cross-examination where counsel chose to use time to examine other witnesses and did not move for more time).

**¶17**    The superior court's time limitations were not unreasonable under the circumstances, and neither party objected to them during the hearing. The parties agreed before the hearing began that only Danielle would be called as a witness. And at no point did Ryan's counsel ask to extend the hearing or to continue it to a different day. *See Gamboa*, 223 Ariz. at 402-03, ¶¶ 14-18. In *Brown*, we held a court abused its discretion in denying the appellant's request for an additional five minutes to call a rebuttal witness, but we affirmed the judgment because the appellant failed to show the witness had something new to add. 194 Ariz. at 91, ¶¶ 32-34. Here, Ryan does not show how additional time would have changed the court's determination about the videos' admissibility. Ryan has therefore not shown that the time limitations caused him harm. On this record, the superior court did not abuse its discretion in excluding the surveillance videos.

**CONCLUSION**

¶18       For the reasons stated above, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA