IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

ROBERT JOHN NICAISE JR., *Petitioner*,

*v.*

THE HONORABLE HARRIET BERNICK, Commissioner of the
SUPERIOR COURT OF THE STATE OF ARIZONA, in and for the County
of MARICOPA, *Respondent Commissioner,*

APARNA SUNDARAM; ARIZONA DEPARTMENT OF ECONOMIC
SECURITY, *Real Parties in Interest.*

No. 1 CA-SA 23-0186

FILED 01-02-2024

---

Appeal from the Superior Court in Maricopa County
No. FC2014-095056
The Honorable Harriet Bernick, Judge *Pro Tempore*

**VACATED**

---

COUNSEL

Robert J. Nicaise, Jr., Tempe
*Petitioner*

Taylor Young Appeals PLLC, Phoenix
By Taylor Young
*Counsel for Real Party in Interest Sundaram*

Arizona Attorney General's Office, Tucson
By Jennifer R. Blum
*Counsel for Real Party in Interest Department of Economic Security*

---

**OPINION**

Presiding Judge Jennifer M. Perkins delivered the opinion of the Court, in which Chief Judge David B. Gass and Judge D. Steven Williams joined.

---

**P E R K I N S**, Judge:

¶1        We confront here the extent of the superior court's ongoing jurisdiction while an appeal is pending from a judgment on issues impacting the best interests of children. Consistent with our legislature's statutory direction, we hold that the superior court retains jurisdiction to consider requests seeking prospective child support, parenting time, or legal decision-making modifications filed while an appeal from a previously entered judgment is pending.

## FACTS AND PROCEDURAL HISTORY

¶2        Robert J. Nicaise, Jr., and Aparna Sundaram have been battling over legal decision-making, parenting time, and child support since 2014. *See, e.g., In re Nicaise v. Sundaram*, 1 CA-CV 21-0319 FC, 2023 WL 4198070 (Ariz. Ct. App. June 27, 2023) (mem. decision); *Nicaise v. Sundaram*, 244 Ariz. 272 (App. 2018), *opinion vacated in part*, 245 Ariz. 566 (2019). As relevant here, Sundaram appealed the superior court's 2021 legal decision-making order ("2021 Order"). *Nicaise*, 1 CA-CV 21-0319 FC. That appellate process was extended by a stay to allow counsel to resolve an ethical question. Two years after the superior court issued the 2021 Order, Nicaise prevailed in his appeal. *Id.* Sundaram has since filed a petition for review, which remains pending before the Arizona Supreme Court.

¶3        While the appeal of the 2021 Order was pending, Nicaise filed a petition to modify child support in superior court in September 2022 ("2022 Petition"). In a January 2023 minute entry, the assigned superior court commissioner questioned her jurisdiction because of "a stay imposed in the Court of Appeals matter." Her premise was incorrect; the stay had been lifted on July 6, 2022. But she asked the parties to brief the jurisdiction issue. Sundaram argued that filing the Notice of Appeal from the 2021 Order ended the superior court's jurisdiction, preventing it from considering the 2022 Petition. The commissioner agreed and dismissed the petition without prejudice in January 2022 ("Dismissal Order").

¶4        Nicaise moved for reconsideration of the Dismissal Order in February 2023. Four days later, while that motion remained pending, he filed a Notice of Appeal from the Dismissal Order. This court dismissed the appeal because the superior court's dismissal was without prejudice. And after requesting additional briefing, the superior court denied the motion to reconsider concluding that because Nicaise had filed a Notice of Appeal from the Dismissal Order, it lacked jurisdiction to address the reconsideration motion related to that order.

¶5        In August 2023, Nicaise asked this court to either clarify that the superior court has jurisdiction to address his 2022 Petition or revest jurisdiction on a limited basis allowing the court to address that petition. We ordered the clerk of this court to re-file the clarification motion as a special action petition challenging the Dismissal Order. The real parties in interest, Sundaram and the Department of Economic Security ("the Department"), responded addressing the superior court's jurisdiction to consider the 2022 Petition, to which Nicaise replied.

## JURISDICTION

¶6        "Accepting special action jurisdiction is discretionary and appropriate when a party lacks an equally plain, speedy, and adequate remedy by appeal." *Jennings v. Agne*, 254 Ariz. 174, 176, ¶ 4 (App. 2022) (cleaned up); Ariz. R.P. Spec. Act. 1(a). Nicaise raises a pure legal question that is not otherwise subject to appellate jurisdiction and is of statewide importance. It is therefore particularly appropriate for special action review. *See Deal v. Deal*, 252 Ariz. 387, 389–90, ¶¶ 9–10 (App. 2021).

¶7        The Department and Sundaram contend we should not accept special action jurisdiction because Nicaise "will have an opportunity to refile his claim when the superior court is revested with jurisdiction." But neither acknowledges that, should Nicaise prevail on his modification request, the child support relief he seeks will be calculated based on the petition filing date. *See* A.R.S. § 25-327(A). Because of the prospective nature of changes to legal decision-making and parenting time orders, the effective date for those changes is necessarily tied to the date of the modification request. *See* A.R.S. § 25-411(A). In other words, Nicaise faces potentially years of lost child support to which the superior court could determine he is entitled. Nicaise therefore has no other plain, speedy, and adequate remedy by appeal. Ariz. R.P. Spec. Act. 1(a).

¶8        The superior court's ongoing jurisdiction over modification requests in a family court matter during the appeal of a judgment is a legal

issue of statewide importance. We accept special action jurisdiction to address it.

## DISCUSSION

**¶9** The Department and Sundaram agree with the superior court's conclusion that it lacked jurisdiction over the 2022 Petition because Sundaram's appeal of the 2021 Order was (and is) pending. Both rely on the principle "that an appeal generally divests the trial court of jurisdiction to proceed except in furtherance of the appeal." *Bank of New York Mellon v. Dodev*, 246 Ariz. 1, 7, ¶ 18 (App. 2018). But neither acknowledges the unique, ongoing nature of family court proceedings, and our legislature's clear direction regarding the availability of modifications in the superior court.

**¶10** We begin, as we must, with the statutory language. *See S. Ariz. Home Builders Ass'n v. Town of Marana*, 254 Ariz. 281, 284, ¶ 16 (2023) ("Our task in statutory construction is to effectuate the text if it is clear and unambiguous.") (cleaned up).

**¶11** Our legislature explicitly authorizes petitions seeking modification of maintenance or support on a showing of "changed circumstances that are substantial and continuing." A.R.S. § 25-327(A). And the legislature authorizes motions to modify legal decision-making or parenting time "one year after the previous order or within a year if the child's life or health is at risk." A.R.S. § 25-411(A). A motion to modify legal decision-making or parenting time "must be based on new evidence arising after the entry of the parenting order and be in the child's best interests." *Gish v. Greyson*, 253 Ariz. 437, 443, ¶ 23 (App. 2022). Though Section 25-327(A) refers to a "petition" to modify and Section 25-411(A) refers to a "motion" to modify, that difference is not relevant to our conclusion, so we collectively refer to them as requests to modify.

**¶12** Critically, neither statute precludes modification requests during an appeal, nor divests the superior court of jurisdiction to consider such requests. Rather, under both provisions as noted above, the superior court must regularly consider modifications to parenting and support orders because of new circumstances and evidence. The Department and Sundaram's position would require the superior court to ignore such changes and new evidence for as long as an appeal is pending.

**¶13** Delaying a parent's statutory right to modify an existing order potentially leaves a child in a problematic parenting arrangement, or a parent without appropriate support, simply because one party availed

itself of the appellate process. *See Hays v. Gama*, 205 Ariz. 99, 102, ¶ 18 (2003) (best interest of the child is the paramount concern in family court cases). It is thus prejudicial—and requires adding to the statutory text—to mandate that a parent delay filing a modification request until the end of the appellate process. *See Ballesteros v. Am. Standard Ins. Co. of Wisc.*, 226 Ariz. 345, 349, ¶ 17 (2011) ("[I]t is not our place to rewrite the statute."). When, as here, the appellate process is unusually lengthy, the prejudice is even more acute.

¶14        Our supreme court spoke to this issue in part and concluded that the superior court retains jurisdiction over requests to modify even when the case is pending appeal, at least when the subject matter of the request is not an issue on appeal. *O'Hair v. O'Hair*, 109 Ariz. 236, 241–42 (1973). *O'Hair* premised the superior court's continuing jurisdiction over modification requests under the 1956 version of Section 25-321, which permitted the court to "change and alter" spousal support and any provision respecting the "care, custody and maintenance of the children." *See id.* Current Sections 25-327 and 25-411 now encapsulate the statute at issue in *O'Hair*, which therefore remains applicable.

¶15        Here, the child support order was not explicitly an issue on appeal, which concerned the superior court's legal decision-making and parenting time orders. *Nicaise*, 1 CA-CV 21-0319 FC, at *1, ¶ 1. The Department somewhat inexplicably contends otherwise. But even if the Department was correct, given our legislature's direction, the superior court's jurisdiction over modification requests is not contingent on whether a request strays into matters subject to an ongoing appeal. *See Gish*, 253 Ariz. at 443, ¶ 23 (the superior court retains jurisdiction over modification motions under Section 25-411(A) even when an appeal is pending).

¶16        In summary, a superior court retains jurisdiction while an appeal is pending to consider requests to modify maintenance or support under Section 25-327 and to consider requests to modify legal decision-making or parenting time under Section 25-411 as long as the requests to modify satisfy the statutory requirements to pursue a modification. The superior court may rule on these requests even when the subject of the request is the issue on appeal. Our holding does not suggest any opinion on the merits of the requests, which the superior court must consider on remand.

**CONCLUSION**

¶17    The superior court retains jurisdiction to consider Nicaise's 2022 Petition. We thus accept special action jurisdiction and grant relief by vacating the superior court's Dismissal Order and reinstating the 2022 Petition.



AMY M. WOOD • Clerk of the Court
FILED:    TM