IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MICHAEL S. VOHLAND, *Plaintiff/Appellant,*

*v.*

MARICOPA COUNTY, et al., *Defendants/Appellees.*

No. 1 CA-CV 24-0432

FILED 05-08-2025

Appeal from the Superior Court in Maricopa County
No. CV2022-012466
The Honorable James Knapp, Judge

**AFFIRMED**

COUNSEL

Barrett & Matura, P.C., Scottsdale
By Jeffrey C. Matura, John J. Daller
*Counsel for Plaintiff/Appellant*

Maricopa County Attorney's Office, Phoenix
By Sean M. Moore, Maxine S. Mak, Rosa Aguilar
*Counsel for Defendants/Appellees*

_____

**OPINION**

Vice Chief Judge Randall M. Howe delivered the Opinion of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Andrew M. Jacobs joined.

_____

**H O W E**, Judge:

¶1 Michael Vohland challenges the constitutionality of Section 2.1.2 of the Maricopa County Justice Courts Bench Policy. He argues the policy violates Article 6, Section 31(A) of the Arizona Constitution by disqualifying applicants without a juris doctor ("law") degree for appointment as a justice of the peace pro tempore. We disagree and hold that, even assuming the Arizona Constitution prohibits disqualification of applicants without a law degree, the policy does not so disqualify. We thus affirm the superior court's grant of summary judgment finding the policy constitutional.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Vohland is not admitted to practice law and does not have a law degree. He applied to be a pro tem Justice of the Peace for the Maricopa County Justice Court system. Previously, he had served as a pro tem magistrate for the Nogales Municipal Court.

¶3 The Maricopa County Justice Courts impose several qualifications upon pro tem applicants. First, "[a]ll new applicants shall attach a signed letter of reference from a sitting Justice of the Peace recommending their appointment." Maricopa Cnty. Just. Cts. Bench Policy 2.1. Additionally, "*one or more* of the following qualifications shall be met": the applicant is (A) "[a] formerly elected or appointed Justice of the Peace"; (B) "[a] present or former City Magistrate"; (C) "[a]n individual holding a J.D. degree from an accredited law school"; or (D) "[a] non-attorney Pro Tem, who has been appointed previously as a Pro Tem." Maricopa Cnty. Just. Cts. Bench Policy 2.1–2.1.2.1 (emphasis added).

¶4 The Maricopa County Justice Courts rejected Vohland's application. Initially, the courts told Vohland that he was ineligible for appointment because he both did not hold a law degree and did not submit a letter of recommendation from a sitting justice. However, in a subsequent

email the courts informed Vohland that although his service as a former magistrate exempted him from the law degree requirement, he could not be considered without a letter of recommendation.

¶5        Vohland sought declaratory relief in the superior court against the Maricopa County Justices of the Peace alleging that his application was denied because he lacked a law degree and that Section 2.1.2 of the Bench Policy violates Article 6, Section 31(A) of the Arizona Constitution. Section 31(A) allows for the "appointment of members of the bar" to work as pro tems in the "courts inferior to the Supreme Court." Ariz. Const. art. 6, § 31(A). But it continues that "justices of the peace pro tempore shall have the same qualifications as justices of the peace." *Id.* Vohland argued the Bench Policy violated Section 31(A) because Arizona law does not require a justice of the peace to hold a law degree and the "shall have the same qualifications" language was "intended to prevent a Justice of the Peace from using membership in the Arizona bar as criteria for appointment of Pro Tems." Vohland, however, did not challenge the letter of recommendation requirement.

¶6        The Justices of the Peace moved for summary judgment, arguing Vohland lacked standing to challenge Section 31(A) because his application was denied for lack of a letter of recommendation and not for lack of a law degree. In response, Vohland argued that no sitting justice would give him a letter of recommendation because he did not hold a law degree. The court denied the motion, finding a genuine dispute of material fact whether Vohland was unable to obtain a letter of recommendation because he lacked a law degree.

¶7        The Justices of the Peace moved for summary judgment a second time, arguing Vohland's facial challenge failed because Section 31(A) was "intended to create the baseline for appointment and was not intended to prevent a Justice of the Peace from requiring additional qualifications." They also argued that holding a law degree is not "the sole option for qualification," and therefore the Bench Policy does not impose an additional qualification not required of justices of the peace. Although the court disagreed that the Bench Policy's non-law degree qualification options meaningfully enabled appointment of applicants without a law degree, the court granted the motion. It found that Section 31(A) allows an elected justice of the peace to "choose what criteria it will employ in deciding who to appoint as a Pro Tem in their court [including] whether or not the applicant must be a member of the bar." Thus, the court found the Bench Policy constitutional.

¶8            Vohland timely appealed, and we have jurisdiction. Ariz. Const. art. 6, § 9; A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶9            Vohland argues that the superior court erred by granting Defendants summary judgment because Section 2.1.2 of the Bench Policy violates Section 31(A) by requiring that pro tem applicants "hold a law degree." He contends that because Section 31(A) states that "justices of the peace pro tempore shall have the same qualifications as justices of the peace" and because justices of the peace are not required to hold a law degree, Section 2.1.2 is facially unconstitutional. As in his complaint, Vohland does not on appeal challenge the letter of recommendation requirement. The Justices of the Peace respond that (1) Section 2.1.2 does not require that applicants hold a law degree, and (2) Section 31(A) does not prevent the justices from imposing additional qualifications beyond those required of the Justices of the Peace.

¶10           "We review the superior court's grant of summary judgment *de novo*, affirming if there are no genuine disputes of material fact and the moving party is entitled to judgment as a matter of law." *Quinn v. Cardenas*, 256 Ariz. 77, 83 ¶ 19 (App. 2023). "We will affirm summary judgment if it is correct for any reason supported by the record." *KB Home Tucson, Inc. v. Charter Oak Fire Ins. Co.*, 236 Ariz. 326, 329 ¶ 14 (App. 2014). "A facial constitutional challenge requires an inquiry into whether the law itself is unconstitutional, not into whether the application of the law violates a particular individual's rights." *Hernandez v. Lynch*, 216 Ariz. 469, 472 ¶ 8 (App. 2007).

¶11           "In interpreting constitutional and statutory provisions, we give words 'their ordinary meaning unless it appears from the context or otherwise that a different meaning is intended.'" *Fann v. State*, 251 Ariz. 425, 434 ¶ 25 (2021) (quoting *Ariz. ex rel. Brnovich v. Maricopa Cnty. Cmty. Coll. Dist. Bd.*, 243 Ariz. 539, 541 ¶ 7 (2018)); *accord* A.R.S. § 1-213. Accordingly, "[w]e interpret statutory language in view of the entire text, [and] consider[] the context." *Nicaise v. Sundaram*, 245 Ariz. 566, 568 ¶ 11 (2019); *see also Adams v. Comm'n on App. Ct. Appointments*, 227 Ariz. 128, 135 ¶ 34 (2011) ("[I]t is a 'fundamental principle of statutory construction (and, indeed, of language itself) that the meaning of a word cannot be determined in isolation, but must be drawn from the context in which it is used.'" (quoting *Deal v. United States*, 508 U.S. 129, 132 (1993))). "We also avoid interpreting a statute in a way that renders portions superfluous." *Fann*, 251 Ariz. at 434 ¶ 25. If the statute's plain language is unambiguous, this Court

"must give effect to that language without employing other rules of statutory construction." *Parsons v. Ariz. Dep't of Health Servs.*, 242 Ariz. 320, 323 ¶ 11 (App. 2017).

## I. The Bench Policy Does Not Require Pro Tem Applicants to Hold a Law Degree.

**¶12** Vohland's interpretation of Section 2.1.2 of the Bench Policy would require us to read it in isolation. If Section 2.1.2 were the only qualification *and* only means of qualifying to be a pro tem, then the Bench Policy would bar the appointment of applicants without a law degree. But we do not read statutory text in isolation. *See Nicaise*, 245 Ariz. at 568 ¶ 11.

**¶13** Read in context of the larger Bench Policy, Section 2.1.2 does not require a pro tem applicant to hold a law degree. Section 2.1 states that "*one* or more of the *following* qualifications shall be met." (Emphasis added.) Although holding a law degree is *one* means of qualification, the Bench Policy provides *three other* means of qualifying, none of which require the applicant to hold a law degree. *See* Maricopa Cnty. Just. Cts. Bench Policy 2.1–2.1.2.1. In fact, when the Maricopa County Administrative Pro Tem reviewed Vohland's application, "she realized he was eligible for appointment because of his prior experience as a City Magistrate." *See* Maricopa Cnty. Just. Cts. Bench Policy 2.1.1. Thus, Vohland's application was not denied because he did not hold a law degree. In a facial challenge to a regulation or policy's constitutionality, the plaintiff must show "no circumstances exist under which the regulation would be valid." *Hernandez v. Lynch*, 216 Ariz. 469, 472 ¶ 8 (App. 2007). But here, such "circumstance" exists because a person without a law degree may still be eligible to serve under the Bench Policy by holding other qualifications, as Vohland himself did. Accordingly, even assuming that the Arizona Constitution prohibits a law degree requirement, Section 2.1.2 of the Bench Policy is not facially unconstitutional.

**¶14** Because we hold that Section 2.1.2 is not facially unconstitutional, we do not decide whether Section 31(A) prohibits a law degree requirement for appointment as a justice of the peace pro tempore.

## II. Costs.

**¶15** Because Vohland is not successful on appeal, we decline his request for costs. *See* ARCAP 21.

## CONCLUSION

¶16        We affirm.



MATTHEW J. MARTIN • Clerk of the Court

**FILED**:        JR