IN THE
# ARIZONA COURT OF APPEALS
### DIVISION ONE

JOHN ADAM WAKE, *Petitioner*,

*v.*

STATE OF ARIZONA, *Respondent*.

No. 1 CA-SA 26-0050

FILED 05-26-2026

Petition for Special Action from the Superior Court in Maricopa County
No. CR2009-173414-001-DT
The Honorable AnnieLaurie Van Wie, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Snell & Wilmer L.L.P., Phoenix
By Amanda Weaver, Daniel J. Inglese
*Counsel for Petitioner*

Maricopa County Attorney's Office, Phoenix
By Quinton S. Gregory
*Counsel for Respondent*

**OPINION**

Presiding Judge Andrew J. Becke delivered the opinion of the Court, in which Judge David B. Gass and Judge Anni Hill Foster joined.

**B E C K E**, Judge:

¶1 John Adam Wake ("Wake") seeks special action relief from the superior court's dismissal of his petition to seal criminal records under A.R.S. § 13-911. We accept special action jurisdiction, but deny relief.

## FACTS AND PROCEDURAL HISTORY

¶2 In 2011, Wake pled guilty to one count of solicitation to commit possession of dangerous drugs for sale, a Class 4 felony. Wake's sentence was suspended and he was placed on 18 months' probation, ordered to pay various restitution, fines, and fees, and ordered to complete 360 hours of community service.

¶3 In 2013, the superior court entered an order of discharge from probation. The order noted that Wake did not comply with his financial or community restitution conditions, noting he had completed just 10 of the ordered 360 community service hours. Even so, the adult probation department did not file a petition to revoke his probation because Wake had not engaged in any continued criminal activity. In discharging Wake from probation, the court also approved a criminal restitution order of $2,070, which Wake satisfied in 2014.

¶4 In 2025, Wake petitioned to seal his criminal record under A.R.S. § 13-911. The State objected because Wake did not complete all of his community service hours. The State argued that because A.R.S. § 13-911(E) requires all nonmonetary terms of probation to be complete before filing, the petition should be denied.

¶5 The superior court dismissed the petition for failure to provide sufficient information because Wake had not submitted records demonstrating his completion of the 360 hours of community service. Wake then petitioned this court for special action relief.

## JURISDICTION

**¶6**      Accepting special action jurisdiction is within our discretion, "unless a statute or an order requires" us to accept jurisdiction. Ariz. R.P. Spec. Act. 12(a). In employing that discretion, we determine "whether remedy by appeal is equally plain, speedy, and adequate." *Id.* "[B]ecause the interpretation of statutes and court rules is a matter of law reviewed *de novo*, cases presenting such issues are 'particularly appropriate for review by special action.'" *Yauck v. W. Town Bank & Tr.*, 259 Ariz. 481, 485, ¶ 12 (App. 2025) (citing *Sierra Tucson, Inc. v. Lee ex rel. County of Pima*, 230 Ariz. 255, 257, ¶ 7 (App. 2012)).

**¶7**      Under A.R.S. § 13-4033(A)(5), an appeal may be taken from "[a]n order that denied the defendant's ability to petition the court to seal the defendant's case records pursuant to § 13-911 if the sole basis for the appeal is the defendant's eligibility to petition the court." But the superior court did not deny Wake's petition. It also did not make any findings on Wake's eligibility to petition. Instead, the court dismissed the petition for not providing sufficient information on the completion of community service hours.

**¶8**      Because the petition was dismissed, the conditions of A.R.S. § 13-4033(A)(5) allowing an appeal are not met. *See State v. Dies*, 1 CA-CR 25-0317, 2026 WL 534630, at *1, ¶ 8 (Ariz. App. Feb. 26, 2026) (mem. decision) ("Based on [A.R.S. § 13-4033(A)(5)'s] plain language, there are three prerequisites to [appellate] jurisdiction: (1) the court denied the petition (2) the order denied the 'defendant's eligibility to petition' and (3) the 'sole basis for the appeal is the defendant's eligibility to petition[.]'") (last alteration in original). Because Wake has no remedy by appeal, we exercise our discretion to accept jurisdiction of this special action.

## DISCUSSION

**¶9**      Wake argues the superior court erred in interpreting A.R.S. § 13-911 as requiring him to complete his community service hours. We review issues of statutory interpretation *de novo*. *State v. Luviano*, 255 Ariz. 225, 227, ¶ 7 (2023). When interpreting statutes, "we give words their ordinary meaning unless it appears from the context or otherwise that a different meaning is intended." *Id.* at 228, ¶ 10 (internal quotation marks omitted). We defer to the superior court's factual findings and will affirm them if they are supported by reasonable evidence. *Twin City Fire Ins. Co. v. Burke*, 204 Ariz. 251, 254, ¶ 10 (2003).

¶10 The sealing of criminal records is governed by A.R.S. § 13-911. As a preliminary matter, we note an internal inconsistency in § 13-911. Section 13-911(A)(1) states that a person may petition to seal records if the person "completed all of the terms and conditions of the *sentence* that was imposed by the court." (Emphasis added). But § 13-911(E) states that a person may petition to seal records "after the person completes all of the nonmonetary terms and conditions of the person's sentence ordered by the court, and the following period of time has passed since the person completed the nonmonetary conditions *of probation or sentence* and was discharged by the court." (Emphasis added). Section 13-911(E) thus addresses the records of those who were placed on probation, while subsection (A) only mentions those who had a sentence imposed. *See State v. Muldoon*, 159 Ariz. 295, 298 (1988) ("Probation is not a sentence."). Neither party argues that this inconsistency renders probationers ineligible to seal their records or otherwise affects the analysis here.

¶11 In interpreting a statute's plain language, we review "the entire text, considering the context and related statutes on the same subject." *State v. Serrato*, 259 Ariz. 493, 496, ¶ 9 (2025) (citing *Nicaise v. Sandaram*, 245 Ariz. 566, 568, ¶ 11 (2019)). And we "avoid construing a statute in a manner that leads to an absurd result." *France v. Indus. Comm'n*, 250 Ariz. 487, 490, ¶ 13 (2021). Reading the statute as permitting those sentenced to seal their records while prohibiting those placed on probation from doing so is absurd. *See State v. Smith*, 112 Ariz. 416, 419 (1975) (discussing probation as a "sentencing alternative" for less serious offenders who can be rehabilitated without incarceration). We therefore conclude the omission of the word probation from subsection (A) was not meant to preclude the statute's application to those placed on probation.

¶12 Under § 13-911(E)(2), a person convicted of an eligible Class 4 felony offense may petition to seal his criminal records five years "after the person completes all of the nonmonetary terms and conditions of the person's sentence ordered by the court" and the person's sentence or probation "was discharged by the court." The statute also requires the petitioner "to have paid all fines, fees and restitution ordered by the court at the time of filing the petition." *Id.* at (G).

¶13 Wake argues his discharge from probation served as an acknowledgment that he "completed" the nonmonetary conditions of his probation. In so arguing, he points out that other statutes require "successful" completion of probation conditions, while § 13-911 only requires completion. *See* A.R.S. §§ 13-604(C) (allowing designation of an undesignated offense as a misdemeanor "on the defendant's *successful*

4

fulfillment of the conditions of probation" (emphasis added)), -3821(G) (allowing termination of the requirement to register as a sex offender "on *successful* completion of probation" if the defendant was under 18 when the offense was committed (emphasis added)).

**¶14**        We are not persuaded by Wake's argument. Section 13-911 sets forth four prerequisites for a person to petition to seal records: (1) the person must "complete[] all of the nonmonetary terms and conditions" of the person's sentence, (2) the person's probation or sentence must be "discharged by the court," (3) a period of years (based on the severity of the offense) must have passed since the completion of prerequisites (1) and (2), and (4) the person must have "paid all fines, fees and restitution." *Id.* at (E), (G).

**¶15**        Section 13-911(E)'s plain language requires nonmonetary conditions of probation—including community service hours—be complete before the petitioner may petition to seal records. *See Luviano*, 255 Ariz. at 228, ¶ 10. For Wake to petition, five years must have passed since he completed all 360 hours of community service *and* was discharged from probation. *See* A.R.S. § 13-911(E). Although he paid his monetary restitution and was discharged from probation, a nonmonetary condition of his probation—community service—was not complete.

**¶16**        Reading the statute as just requiring discharge from probation renders subsection 13-911(E)'s requirement that a person "complete[] all nonmonetary terms and conditions" of probation superfluous. *See Nicaise*, 245 Ariz. at 568, ¶ 11 ("A cardinal principle of statutory interpretation is to give meaning, if possible, to every word and provision so that no word or provision is rendered superfluous."). When Wake petitioned, he had not completed all nonmonetary probation conditions. Therefore, he had not fulfilled the prerequisites of § 13-911.

**¶17**        Wake also argues that the superior court cannot require Wake to complete his community service after being discharged from probation. *Cf. State v. Dean*, 226 Ariz. 47, 51, ¶ 11 (App. 2010) ("[T]he court maintained jurisdiction over [defendant] throughout the period of his probation."). But the court did not order Wake to complete his community service hours, it requested proof of completion of 360 hours to establish his eligibility to seal criminal records.

¶18        Wake has not shown that the court abused its discretion in dismissing his petition to seal records.

## CONCLUSION

¶19        We accept special action jurisdiction and deny relief.

